■ In the Matter of WEST HARLEM PORK CENTER, LTD., Appellant, v EMPIRE NATIONAL BANK, Respondent.—In a special proceeding by a judgment creditor pursuant to CPLR 5222 to compel respondent to turn over moneys on deposit belonging to the judgment debtor, petitioner appeals from a judgment of the Supreme Court, Rockland County, entered October 6, 1976, which denied the application. Judgment affirmed, without costs or disbursements. Special Term correctly determined that the respondent bank's right to set off the amount of the judgment debtor's deposit against the outstanding balance of its loan to him was superior to the restraining notice served upon the bank by the judgment creditor pursuant to CPLR 5222. Section 151 of the Debtor and Creditor Law provides, in pertinent part, that: "Every debtor [in this case, the bank] shall have the right upon * * * the issuance of any execution against any of the property of * * * a creditor [in this case, the judgment debtor], to set off and apply against any indebtedness, whether matured or unmatured, of such creditor to such debtor, any amount owing from such debtor to such creditor, at or at any time after, the happening of any of the above mentioned events, and the aforesaid right of set off may be exercised by such debtor against such creditor * * * notwithstanding the fact that such right of set off shall not have been exercised by such debtor prior to the making, filing or issuance, or service upon such debtor of, or of notice of * * * issuance of execution". Pursuant to this statute, the debtor bank would have had a clear right to set off the amount of the judgment debtor's deposit at any time after the issuance of execution. A fortiori, that right must also have existed vis-à-vis a restraining notice served pursuant to CPLR 5222, as the latter is, in actuality, a "junior" remedy in the sense that its only effect is to restrain the transfer of the assets of a judgment debtor "except upon direction of the sheriff or pursuant to an order of the court" (CPLR 5222, subd [b]; cf. *Matter of Industrial Comr. of State of N. Y. v South Shore Amusements,* 55 AD2d 141). Moreover, although the argument has been made that the so-called "triggering" provisions of section 151 are "exclusive", a careful examination

of its operative provisions reveals an evident design on the part of the Legislature to "cover the field" in terms of protecting the right of setoff created thereby from intervening legal proceedings (i.e., the filing of a petition in bankruptcy, an assignment for the benefit of creditors, the appointment of a receiver, the issuance of execution, the issuance of a warrant of attachment or the issuance of a subpoena or order in supplementary proceedings), a design which would be frustrated were the right of setoff to be made inferior to the service of a restraining notice pursuant to CPLR 5222. Section 151 having been last amended in 1959 (L 1959, ch 156, § 1, it is not surprising that it does not refer to a "restraining notice" *in haec verba,* as the latter only achieved the status of an independent remedy in 1962, when the CPLR was enacted (L 1962, ch 308, eff Sept 1, 1963), similar restraints having previously been incorporated into the provisions regarding supplementary proceedings (see Civ Prac Act, art 45). The apparent failure to amend section 151 to conform to the CPLR should not, in our opinion, be construed to effect an implied repeal of that section in an area in which its manifest provisions evince a clear intention to operate. On the contrary, we believe that the specific failure to amend that section so as to include a restraining notice is not of particular importance where the intention to cover the field of which it is a part is clear on the face of the statute. Accordingly, the judgment appealed from should be affirmed. Damiani, J. P., Suozzi, Gulotta and O'Connor, JJ., concur.