OPINION OF THE COURT
Jasen, J.
In this case, we are called upon to determine whether a depository bank’s statutory right of setoff (Debtor and Creditor Law, § 151) is extinguished by service of a tax compliance agent’s levy pursuant to CPLR 5232 (subd [a]).
The facts are not in dispute. In February, 1976, appellant Manufacturers Hanover Trust Company (hereinafter Manufacturers) extended a loan of approximately $1,800 to its depositor, Five Corners Tavern, Inc. (hereinafter Five Corners), to enable the latter to secure a liquor license. Pursuant to the *643 terms of the loan agreement, Manufacturers was given as security for the loan "a continuing lien and/or right of set-off * * * upon any and all deposits (general or special) and credits of [Five Corners] with [Manufacturers].” This agreement further provided that upon the occurrence of certain specified events with respect to Five Corners — including "entry of judgment, issuance of an order of attachment, making of a tax assessment by the United States or any state, or an execution against property of [Five Corners] * * * or the commencement of any proceeding or procedure for the enforcement of a money judgment” — the indebtedness of Five Corners to Manufacturers would become immediately due and payable without notice or demand, and Manufacturer’s right of setoff might then be exercised.
On April 8, 1976, respondent Industrial Commissioner of the State of New York filed in the office of the Bronx County Clerk a warrant against Five Corners in the amount of $522.54 alleging Five Corners’ failure to pay contributions due and owing under the New York State Unemployment Insurance Law (Labor Law, art 18). By statute, when such warrant remains unsatisfied, as occurred here, it can be treated as a judgment and is enforceable as such. (Labor Law, § 573, subd 2.)
Thereafter, on May 13, 1976, a tax compliance agent’s levy was served on Manufacturers pursuant to CPLR 5232 (subd [a]) garnishing its Five Corners’ account. By letter dated May 24, 1976, Manufacturers advised the Industrial Commissioner that although there was a balance of $263.69 in the Five Corners’ account at the time of levy, this balance no longer existed to satisfy the levy and execution inasmuch as Manufacturers exercised its right to set off these funds against the indebtedness owing it by Five Corners. The Industrial Commissioner, however, responded by making a written demand on June 10, 1976 for the funds on deposit in the Five Corners’ account, maintaining that under the law as then construed by the courts of this State, the balance in a bank account "may not be applied in reduction of indebtedness once [the bank has] been served with a Tax Compliance Agent’s levy.” The next day, Manufacturers again informed the Industrial Commissioner that it was unable to remit any funds, remaining steadfast in its position that it possessed an indefeasible right to set off the funds in question against the moneys owing it by Five Corners pursuant to the loan agreement, even if such *644 right to set off was actually exercised subsequent to the service of the tax compliance levy.
Faced with Manufacturers’ refusal to turn over the funds, the Industrial Commissioner then commenced this proceeding pursuant to CPLR 5225, 5227 to obtain a court order directing Manufacturers to remit the moneys in Five Corners’ account. Special Term granted the requested relief and an unanimous Appellate Division affirmed. Leave to appeal to this court was granted by the Appellate Division. There should be a reversal.
At issue here is the resolution of an apparent conflict between two statutory provisions — to wit: CPLR 5232 (subd [a]) and section 151 of the Debtor and Creditor Law. In essence, CPLR 5232 (subd [a]) provides judgment creditors with a procedure for levying upon any interest of the judgment debtor, here Five Corners, in personal property not capable of delivery or upon any debt owed a judgment debtor by a third party.[1] CPLR 5232 (subd [a]) states in pertinent part that "[t]he person served with the execution shall forthwith transfer all such property, and pay all such debts upon maturity, to the sheriff and execute any document necessary to effect the transfer of payment.” The statute further provides that "the garnishee is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court.” The Industrial Commissioner argues that this express language mandates that Manufacturers relinquish the funds in Five Corners’ account at the time of service of the tax compliance agent’s levy. Simply stated, the Industrial Commissioner maintains that Manufacturers had no option but to turn over the funds.
Manufacturers counters the position taken by the Industrial Commissioner by claiming that section 151 of the Debtor and Creditor Law bestows upon it the indefeasible right to set off Five Corners’ deposits against the debt owing it by the latter, *645 even if the setoff is not exercised until after levy by service of execution. Specifically, Manufacturers cites the following statutory language: "Every debtor [here, Manufacturers][2] shall have the right upon * * * the issuance of any execution against any of the property of * * * a creditor [here, Five Corners], to set off and apply against any indebtedness, whether matured or unmatured, of such creditor to such debtor, any amount owing from such debtor to such creditor, at or at any time after, the happening of * * * the above mentioned [event], and the aforesaid right of set off may be exercised by such debtor against such creditor * * * notwithstanding the fact that such right of set off shall not have been exercised by such debtor prior to the making, filing or issuance, or service upon such debtor of, or of notice of * * * issuance of execution, subpoena or order or warrant.” (Debtor and Creditor Law, § 151.) In short, Manufacturers’ position is that when the garnishee is also a creditor of the judgment debtor, section 151 of the Debtor and Creditor Law provides a specific exception to the general rule set forth in CPLR 5232 (subd [a]) that the property of the judgment debtor should be transferred to the judgment creditor forthwith. We agree with this contention.
In our view, the legislative history of these two sections indicates an intention on the part of the Legislature to preserve the set-off defense for use by a garnishee-creditor against a levying judgment creditor any time after issuance of execution. Levy by execution upon intangibles such as bank accounts by judgment creditors first became authorized in 1952 when the Legislature enacted section 687-a of the Civil Practice Act, the predecessor of CPLR 5232 (subd [a]). (L 1952, ch 835.) To ensure that the garnishee’s defenses and set-off rights would not be extinguished or jeopardized by permitting levy by service of execution upon intangibles, the Legislature simultaneously modified section 151 of the Debtor and Creditor Law to preserve the right of a garnishee to interpose against executing judgment creditors, even subsequent to the "issuance of execution”, any right to setoff the garnishee may have possessed against the judgment debtor. (L 1952, ch 835.) The *646 underlying reason prompting this amendment to section 151, as stated by the New York Law Revision Commission — the body responsible for recommending the enactment of section 687-a of the Civil Practice Act and the amendment to section 151 — was to make "clear that the third party debtor [garnishee] is entitled to utilize (in defending a suit brought against him by the judgment creditor), all defenses and set-offs he might have had against the judgment debtor”. (1952 Report of the NY Law Rev Comm, p 365 [emphasis added].)[3]
 This legislative intent to permit a setoff by a garnishee any time after issuance of execution, and even at any time subsequent to levy by service of execution, is reflected in unequivocal terms in the language of section 151 of the Debtor and Creditor Law itself, for the statute expressly provides that the issuance of any execution against any property of the judgment debtor shall not work to preclude the right of the garnishee to set off any amount owing from the judgment debtor to the garnishee. To hold, as the courts below did, that this right terminates upon levy by service of execution not only contravenes legislative intent, but, also, ignores the realities of everyday practice regarding executions generally, and would work to nullify a garnishee’s right to setoff after issuance of execution — the very benefit which section 151 of the Debtor and Creditor Law bestows. This is so because, in most instances, the garnishee bank’s first effective notice of the issuance of execution occurs only upon service. Executions are often issued by the attorney for the judgment creditor in the privacy of his or her office (CPLR 5230, subd Pd]), with levy by service of execution upon the garnishee usually occurring only a few days thereafter. (See Siegel, Practice Commentary, McKinney’s Cons Law of NY, Book 7B [1965 Supp], CPLR 5230, p 35.) Thus, to limit the availability of section 151 to garnishees only to that time at which a copy of the execution is served would work to deprive a garnishee of its opportunity to assert its right of setoff against a creditor - —a result clearly not intended by the Legislature. It remains a basic principle of statutory construction that a court will "not by implication read into a clause of a rule or statute a limitation for which * * * no sound reason [can be found] and *647 which would render the clause futile.” (Lederer v Wise Shoe Co., 276 NY 459, 465.)
In holding that the right of setoff embodied in section 151 of the Debtor and Creditor Law is not extinguished upon levy by service of execution pursuant to CPLR 5232 (subd [a]), we reject the analysis adopted by the court in Matter of Industrial Comr. of State of N. Y. v South Shore Amusements (55 AD2d 141) — the case relied upon by the courts below in reaching a contrary result. In South Shore, a divided Appellate Division reasoned that inasmuch as "nothing in section 151 * * * requires the nullification of such levy” and the funds of the judgment debtor on deposit cease to belong to it upon levy, the right of setoff terminated upon levy by service of execution since CPLR 5232 (subd [a]) expressly provides that "[t]he person served with the execution shall forthwith transfer such property”. (Id., at p 143.)
In reaching this result, the South Shore majority relied extensively upon the decision in United States v Sterling Nat. Bank & Trust Co. of N. Y. (360 F Supp 917, affd in relevant part 494 F2d 919). Such reliance is misplaced. In Sterling, the court held that a bank cannot exercise its right of setoff after a levy is effected pursuant to Federal law. This result, however, was clearly predicated upon the basis that the provisions of the Internal Revenue Code, by virtue of the supremacy clause (US Const, art VI, cl 2), supersede any right of setoff which may be granted by State law. In South Shore (supra), as in the present case, however, the levy was effectuated pursuant to State law, rather than Federal law. Therefore, we find no justification for not permitting the garnishee to invoke its right of setoff even after levy by service of execution pursuant to CPLR 5232 (subd [a]) — a result clearly intended by the Legislature, as reflected by legislative history and unequivocal statutory language. (See Matter of Industrial Comr. of State of N. Y. v South Shore Amusements, 55 AD2d 141, 144-146 [dissenting opn], supra; 51 St John’s L Rev, pp 651-655.)
Accordingly, the order of the Appellate Division should be reversed, with costs, and the Industrial Commissioner’s motion denied.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, etc.

. CPLR 5232 (subd [a]) provides that "[t]he sheriff shall levy * * * upon any debt owed to the judgment debtor, by serving a copy of the execution upon the garnishee”. A garnishee is defined as "a person who owes a debt to a judgment debtor, or a person other than the judgment debtor who has property in his possession or custody in which a judgment debtor has an interest.” (CPLR 105, subd [i].) In this case, Manufacturers is a garnishee.

. In this case, Manufacturers is a "debtor” for purposes of section 151 of the Debtor and Creditor Law, for it is the well-settled rule of law in this State that the bank becomes the debtor of the depositor (here, Five Corners) with respect to the deposited funds. (Brigham v McCabe, 20 NY2d 525, 530-531; Solicitor for Affairs of His Majesty’s Treasury v Bankers Trust Co., 304 NY 282, 291.)

. For purposes relevant to this case, the subsequent amendment to section 151 of the Debtor and Creditor Law made the right of setoff available to a garnishee against a judgment creditor in supplementary proceedings, in addition to a judgment creditor actually levying execution or serving a warrant of attachment as previously embodied in the statute. (L 1959, ch 156.)