ASPEN INDUSTRIES, INC., Appellant, v MARINE MIDLAND BANK, Respondent.

Fourth Department, April 8, 1980

APPEARANCES OF COUNSEL

*Costello, Cooney & Fearon (Vincent A. O'Neil* of counsel), for appellant.

*Harter, Secrest & Emery (Donald S. Mazzullo* of counsel), for respondent.

### OPINION OF THE COURT

CALLAHAN, J.

Appellant-petitioner Aspen Industries, Inc. (Aspen) instituted this proceeding against Marine Midland Bank (Bank) pursuant to the provisions of CPLR 5227, seeking to collect on funds of a judgment debtor on deposit with the Bank. On October 11, 1978, Aspen had served upon the Bank a restraining notice to garnishee pursuant to CPLR 5222. Notwithstanding receipt of the restraining notice, the Bank allowed the account to remain active. Thereafter several deposits were made and the Bank permitted a large number of withdrawals, including the sum of $10,000 which was paid over to the debtor's payroll account. On October 16, 1978 the Bank exercised its right of setoff under section 151 of the Debtor and Creditor Law paying over to itself the balance in the account at that time in the amount of $27,622.32 in partial satisfaction of $124,597.64 due the Bank on a matured note. It apparently satisfied the remainder of the debt from other collateral security of the debtor which it held. In its proceeding against the Bank, Aspen sought a judgment in the amount of $4,846.51 plus interest and costs for alleged violation of the restraining notice. Special Term granted the Bank's motion to dismiss on the grounds that Aspen had suffered no actual injury from the Bank's actions inasmuch as at all relevant times the Bank had a superior right to a setoff in excess of the amounts on deposit in the account. It is from this order that Aspen appeals.

CPLR 5222 (subd [b]) effect of restraint, provides that "[a] restraining notice served upon a person other than the judgment debtor is effective * * * if, at the time of service * * * the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person * * * shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assign-

ment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court * * * or until the judgment is satisfied or vacated". It further provides that "[i]f a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money." This provision was intended to free up excess money held by a garnishee while ensuring that there is a sum available to the judgment creditor to cover not only the judgment but also the expenses of collection and the continually accruing interest (see NY Legis Doc, 1959, No. 17, Third Preliminary Report of Advisory Committee on Practice and Procedure, p 254; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5222:4, p 188).

The Bank account, which the judgment debtor had, established it as the creditor of the Bank to the extent of the moneys deposited by it in the account *(Brigham v McCabe,* 20 NY2d 525, 530-531). Section 151 of the Debtor and Creditor Law provides in pertinent part that, "[e]very debtor [in this instance, the Bank] shall have the right upon * * * the issuance of any execution against any of the property of * * * a creditor [in this instance, the depositor], to set off and apply against any indebtedness, whether matured or unmatured, of such creditor to such debtor, any amount owing from such debtor to such creditor, at or at any time after, the happening of any of the above mentioned events, and the aforesaid right of set off may be exercised by such debtor against such creditor * * * notwithstanding the fact that such right of set off shall not have been exercised by such debtor prior to the making, filing or issuance, or service upon such debtor of, or of notice of * * * issuance of execution". The language of this statute clearly allows for a setoff by the Bank any time even after issuance of the restraining order *(Matter of Industrial Comr. of State of N. Y. v Five Corners Tavern,* 47 NY2d 639).

The Bank contends that it never violated the restraining notice, since, prior to exercising its right of setoff under section 151 of the Debtor and Creditor Law, it withheld payment of funds in the account in an amount in excess of twice the amount due on Aspen's judgment as mandated by CPLR 5222 (subd [b]). Such an interpretation of the two

statutes would mean that a bank could initially withhold funds sufficient to pay twice the amount of the creditor's judgment specified in the restraining notice, keep the account active for an extended period of time during which the debits against the account exceed the bank's right of setoff, and then exercise its right of setoff thereby depleting funds which otherwise would be available to the judgment creditor. Such a construction of the statute as would circumvent the law was never intended. CPLR 5222 (subd [b]) should not be read in conjunction with section 151 of the Debtor and Creditor Law as conferring a power on the garnishee to ignore the restraining order and to pay out funds on the judgment debtor's account to third parties where the garnishee decides to exercise a right of setoff unless after exercising that right there would still be available to the judgment creditor the funds required by CPLR 5222 (subd [b]).

The purpose of the statute is "to preserve the right of a garnishee to interpose against executing judgment creditors, even subsequent to the 'issuance of execution', any right to setoff the garnishee may have possessed against the judgment debtor" *(Matter of Industrial Comr. of State of N. Y. v Five Corners Tavern, supra,* p 645). Although the statute allows an offset to be made at any time subsequent to the issuance of a restraining order as was done here, it does not as the Bank asserts confer on a garnishee-creditor (the Bank in this case) the right to ignore a restraining order insofar as it restricts the transfer of property to other parties *(Nardone v Long Is. Trust Co.,* 40 AD2d 697). Such transfers are prohibited absolutely by CPLR 5222 (subd [b]) unless the garnishee first sets aside the requisite funds for the benefit of the judgment creditor.

When a payor bank is served with legal process, that notice may eliminate or freeze all or part of whatever balance is available for payment (Uniform Commercial Code, § 4-303). Section 4-303 of the Uniform Commercial Code, *inter alia,* determines the times when items become subject to setoff by a bank. It appears clear from the language of this statute that a setoff does not occur automatically each time a bank holds a matured debt of a depositor *(Baker v National City Bank of Cleveland,* 511 F2d 1016, 1018). It requires that the setoff or some similarly binding overt act actually be made. This policy not only provides criteria for determining conflicting claims but also assures those who deal with banks that their rights

will not be defeated by unsupported internal declarations of a self-serving nature.

To permit a bank which has been served pursuant to CPLR 5222 to ignore the execution and to effect a setoff against a depositor's account at the pleasure and convenience of the bank would not only seriously undermine confidence in the banking system but make a mockery of the statute. The restraining notice is intended to interfere with property rights and its effect is not fortuitous or incidental but rather direct and immediate. To permit the consequences of a critical order of a court of competent jurisdiction to be evaded on the basis of the proof in this record would be detrimental to orderly legal processes. Allowing the account to remain open after receipt of the restraining order was a violation of the restraining notice (*Matter of City of New York [Nassau Expressway]*, 56 Misc 2d 602).

Aspen acknowledges that at the time the restraining order was served the Bank's right of setoff was superior to the garnishee execution and that service imposed no lien or right over as against the Bank. It did, however, impose upon the Bank a duty to comply with the mandates contained in the order which forbids withdrawals from the account specified in the restraining notice until the judgment is satisfied or vacated, except by or pursuant to court order (*Matter of Sumitomo Shoji N. Y. v Chemical Bank N. Y. Trust Co.,* 47 Misc 2d 741). The Bank's failure timely to exercise its right of setoff and allow the account to remain active after service of notice renders the Bank liable for damages and contempt (*Mazzuka v Bank of North Amer.,* 53 Misc 2d 1053). In complying with CPLR 5222 (subd [b]) by setting aside an amount equal to two times the balance due on a judgment and permitting the account to remain active before exercising its setoff rights, the Bank may not recoup those funds as a portion of its right of setoff. The belated exercise by the Bank of its right of setoff created a superior right in Aspen to the funds set aside in compliance with CPLR 5222 (cf. *Matter of International Ribbon Mills [Arjan Ribbons],* 36 NY2d 121).

Accordingly, the order should be reversed. There being no factual dispute herein, the petition should be granted.

CARDAMONE, J. P. (dissenting). We concur with the majority insofar as it holds that the respondent bank violated the restraining notice. Once a restraining notice has been served, a garnishee-creditor may not continue to pay funds on deposit

to third parties, notwithstanding the garnishee-creditor's superior right of setoff under section 151 of the Debtor and Creditor Law, unless it first sets aside for the benefit of the judgment creditor an amount equal to twice that due on the judgment (CPLR 5222, subd [b]). We cannot agree, however, with the result reached in this case.

In our view the majority's decision constitutes a windfall to the judgment creditor, Aspen Industries, which would have been unavailable had the bank complied with the restraining notice and preserved the requisite funds for a determination of the parties' respective rights to the funds in the proceeding below. It was incumbent on Aspen Industries to prove that it sustained an actual loss by the bank's violation of the restraining notice. The rule is that when such a notice has been disobeyed, "the garnishee is liable for whatever damage is caused the judgment creditor by the disobedience "(Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5227:1, p 284). Recovery by the judgment creditor should be the amount of its judgment that remains unsatisfied, but limited to the amount in the account which would have been available to satisfy its judgment *(Nardone v Long Is. Trust Co.,* 40 AD2d 697).

The majority ignore the fact that Aspen Industries has suffered no actual injury. It is undisputed that the bank's right of setoff under section 151 of the Debtor and Creditor Law was superior to Aspen's right to the judgment debtor's funds in the bank account *(Matter of West Harlem Pork Center v Empire Nat. Bank,* 60 AD2d 859) and remained so even subsequent to the service of the restraining notice *(Matter of Industrial Comr. of State of N. Y. v Five Corners Tavern,* 47 NY2d 639, 645-646). At all relevant times the respondent bank had the right to a setoff in the amount of $124,597.64. This amount was substantially greater than the total of all debits allowed during the six-day period plus the ending balance. Thus, even were the bank to have preserved all of the funds deposited with it for an adjudication of the parties' rights in the proceeding below, Aspen would have had no right to any of this money.

The result should not, as the majority hold, be different merely because the bank disobeyed the restraining notice. Even were this a contempt proceeding, which it is not, the court, in the absence of proof of actual loss, could only impose a fine not exceeding $250 plus the judgment creditor's costs

and expenses (Judiciary Law, § 773; *Matter of McDonnell v Frawley,* 23 AD2d 729). This court here imposes a penalty against the bank in the amount remaining unsatisfied on Aspen Industries' judgment. No authority exists for the imposition of this kind of penalty and accordingly we dissent.

SIMONS and MOULE, JJ., concur with CALLAHAN, J.; CARDAMONE, J. P., and DOERR, J., dissent and vote to affirm in an opinion by CARDAMONE, J. P.

Order reversed, with costs, and petition granted.