**In re William C. DAVIS and Patricia A. Davis, Debtors.**

**Bankruptcy No. 82–21001.**

United States Bankruptcy Court, W.D. New York.

May 2, 1983.

Jacob P. Welch, Corning, N.Y., for debtors.

Jeffrey W. Baker, Rochester, N.Y., for Corning Glass Works Employees Federal Credit Union.

Irving Etkind, Elmira, N.Y., trustee.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This matter was commenced by a Motion brought by the debtors' attorney asking that the debtors be allowed to assume the role of the trustee in avoiding a security interest held by Corning Glass Works Employees Federal Credit Union in an automobile owned by the debtors and in a savings account. He also asked that the creditor be held in contempt of court for freezing the bank account without filing a complaint to lift the stay. The attorney is seeking attorney's fees in this matter. A reply was made to the motion. Facts have been stipulated and the status of the case will be discussed below.

This case because of its procedural deficiencies is not in a position for complete decision by the Court. Basically, the debtors are seeking a turnover of property to the estate and an exemption from the estate of that property for benefit of the debtors. While many of the facts have been stipulated, there still remains factual issues to be decided or stipulated. This opinion is offered as a guide to the parties so that they may properly plead their cases.

There are two items of property involved in this dispute. The first item is a 1979 Volare automobile. In its schedules, the debtors listed the automobile as being secured to Corning Federal Credit Union. The stipulations which have been entered into between the parties in this present motion indicate that a security interest was never filed against the vehicle. But it does not indicate whether or not a security interest was ever entered into. If there never was a security interest, then there is no question but that the car is a part of the

debtors' estate and may be exempted from that estate by the debtors. However, if the Credit Union had taken a security interest in the car, and failed to perfect it by filing, then the trustee has the right to obtain that car for the estate and for the benefit of creditors. His right to obtain the car for the estate cannot be exercised by the debtor. See *In re Evingham,* 27 B.R. 128 (Bkrtcy.W.D.N.Y.1983).

With regard to the bank accounts, it appears from the stipulations and affidavits that on the date of adjudication, August 30, 1982, William Davis, the debtor, was indebted to Corning Glass Works Employees Federal Credit Union in the amount of $3,515.73 plus accrued interest. On June 1, 1982, the balance in the debtors' joint account at the Credit Union, which was in the name of William C. Davis and his wife, Patricia A. Davis, had a balance of $260.44. This account increased to $4,209.75 by August 30, 1982 when a freeze was put on the account. The deposits made into the account between June 1, 1982 and August 30, 1982 were a State income tax refund check payable to W.C. Davis in the amount of $125; a check for $6,091.67 payable to William C. Davis, which represented his lump sum severance allowance from Corning Glass Works and the net deposit from five Corning Glass Works checks payable to W.C. Davis which checks totaled $1,862.91. Various withdrawals were made by the debtors to the date of the "freeze".

■ In this case, the problem arises because there is a presumption in New York State that monies deposited in such a joint account, by either party, is regarded as the joint money of each party. This presumption may be rebutted. See *Brown v. Bowery Savings Bank,* 51 N.Y.2d 411, 434 N.Y. S.2d 916, 415 L.Ed.2d 906 (1980); § 675 N.Y. Banking Law; *Sandler v. United Industrial Bank,* 23 A.D.2d 567, 256 N.Y.S.2d 442 (2d Dept.1965). The debtor may have intended to make a gift of part of these deposits to the wife, the joint owner of the account. He may have intended the money to be his alone, but if so, why didn't he put it in his personal saving account which he

had with the same Credit Union and which remained dormant with a balance of some $20 during this entire period of time. Testimony should be produced by the bank to rebut the general presumption with regard to such accounts, if it is available.

■ With regard to the contempt proceeding, the Courts in New York State, who have ruled upon this matter, have followed *Baker v. National City Bank,* 511 F.2d 1016 (6th Cir.1975) which held that there are three steps necessary for a setoff to occur. The first is the decision to exercise setoff, second, some affirmative action to accomplish the setoff must be taken, and third, some record must be made which evidences the right of setoff. See *Aspen Industries, Inc. v. Marine Midland Bank,* 74 A.D.2d 59, 426 N.Y.S.2d 620 (4th Dept.1980), rvsd. on other grounds 52 N.Y.2d 575, 439 N.Y.S.2d 316, 421 N.E.2d 808 (1981); *Clarkson Co. v. Shaheen,* 533 F.Supp. 905, 925 (S.D.N.Y. 1982). Here, all that happened was a freeze. The three steps did not occur.

Furthermore, it has been suggested that "while State law is properly considered in determining the availability of setoff, nothing in § 553 or its legislative history suggest that State law should control the exercise of setoff." (See "Freezing the Debtor's Bank Account: A Violation of the Automatic Stay" by Paul S. Groschadl. Vol. 57, Winter 1983, Am.Bankr.L.J.).

■ Under Federal law, Section 11 U.S.C. 542(b) preserves the right of setoff of mutual debts. 11 U.S.C. 553 prescribes how the debts may be setoff. The applicable section in this case is 11 U.S.C. 553(a) because it is a post-petition setoff. See *Exxon v. Compton Corp.,* 22 B.R. 276 (Bkrtcy.N.D.Tex.1982); *In re Springfield Casket Co., Inc.,* 21 B.R. 223, 227 (Bkrtcy.S. D.Ohio 1982). Section 11 U.S.C. 362(a)(7) stays the right of setoff of mutual debts pending an orderly examination of the debtors' and creditors' rights except for commodity transactions and foreclosures of a mortgage under the National Housing Law which are excepted by 11 U.S.C. 362(b)(6) and (7). In a liquidation case, the freezing of the account merely continues

the statutory scheme which Congress set out in these three sections, preserving without confiscating the account until an orderly distribution or an orderly examination may be made into the rights of the parties with an interest therein. See *Kenney's Franchise Corp. v. Central Fidelity Bank,* 22 B.R. 747, 748 (W.D.Va.1982); *In re Carpenter,* 14 B.R. 405, 407 (Bkrtcy.M.D.Tenn. 1981). Therefore, the freezing of the account of William C. Davis or the rights of William C. Davis in the account until such a determination is made, would not give rise to a contempt proceeding but freezing the rights of the debtor, Patricia Davis, in the account may since there is no mutuality of debt between Patricia and the Credit Union.

With these thoughts in mind, the debtors, if they want to enforce their rights, should commence an adversary proceeding to enforce these rights and if contempt is sought against the Credit Union, damages, if any, should be alleged. The bank, on the other hand, has the right to defend and the right to rebut the presumption set forth above with regard to the ownership of the accounts.

In summary, this motion is dismissed with leave to the trustee and or debtor to recommence this proceeding as an adversary proceeding. This Court will then be in a position after the necessary proofs or stipulations are offered of making an orderly examination into the rights of the debtor and the Credit Union in and to the bank accounts and the right of the parties in and to the automobile and it is so ordered.