Albert A. CUSANNO and Julia Cusanno

v.

FIDELITY BANK.

Civ. A. No. 82–1798.

United States District Court, E.D. Pennsylvania.

May 13, 1983.

Jack K. Miller, Philadelphia, Pa., for plaintiff.

Robert G. Bauer, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this action, defendant Fidelity Bank ("Fidelity") appeals the decision of the Bankruptcy Court finding that Fidelity's placement of an "administrative hold" or "freeze" upon the checking account of debtor-plaintiffs Albert A. and Julia Cusanno ("the Cusannos") violated the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362. For the reasons hereinafter set forth, the Court will affirm the Bankruptcy Court's decision.

On June 19, 1981, the Cusannos filed a petition pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301, *et seq.* to obtain a court-ordered reorganization of their debts. At the time of the filing of the petition, they had a checking account with Fidelity in the amount of approximately $416. The Cusannos also had a loan obligation to Fidelity in the amount of $2,451.58. Fidelity received notice of the Cusannos' Chapter 13 bankruptcy through its receipt of the notice of bankruptcy proceedings and notice of the automatic stay of all collection proceedings against the Cusannos (*See* 11 U.S.C. § 362). When Fidelity learned of the bankruptcy, it placed a freeze or administrative hold on the Cusannos' account so that the funds in the account would not be dissipated pending Court action on the Chapter 13 petition. The bank took this action to preserve the debtors' estate so that there would be a larger estate from which Fidelity could seek to satisfy the debt owed to it by the Cusannos.

The Cusannos objected to the freeze of their funds and asked the bank to lift the administrative hold. When Fidelity refused, the Cusannos filed a complaint in Bankruptcy Court seeking release of the funds and damages against the bank. The Bankruptcy Court held that Fidelity's action violated the automatic stay provisions of 11 U.S.C. § 362 in that the bank had, by freezing the Cusanno account, effected a set-off of debtor funds without first asking the Bankruptcy Court to lift the stay to allow this limited set-off. Finding Fidelity to have violated the automatic stay, the Bankruptcy Court also awarded counsel fees and costs to the Cusannos in connection with their complaint to lift the administrative hold. Fidelity appeals from the Order of the Bankruptcy Court lifting the administrative hold and awarding costs and fees to the Cusannos.

The sole question presented in this appeal is whether the placement of a freeze on a debtor's bank account constitutes a "set-off" within the meaning of the Bankruptcy Reform Act of 1978 (the "1978 Act"). The parties concede that the clear language of the 1978 Act's automatic stay section forbids set-off unless the creditor has first obtained a partial lifting of the automatic stay.

Section 362(a) of Title 11, U.S.C. provides that a Chapter 13 bankruptcy petition "operates as a stay, applicable to all entities," of

(3) any act to obtain possession of property of the estate or of property from the estate;

.　　.　　.　　.　　.

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor;

Section 362(c) provides that the stay shall remain in effect until the bankruptcy action is completed and the case is closed or dismissed, or the discharge of some or all of the bankrupt's debts.

Fidelity was given clear notice of the automatic stay by the Bankruptcy Court. The notice read in pertinent part:

On the above date, the above-named [the Cusannos] filed a petition under chapter 13 of title 11 USC. Certain acts and proceedings against the debtor and his property are stayed as provided in 11 USC 362. As a result, you have automatically been restrained from:

(1) Starting or continuing any claim against debtor.

(2) Enforcing any judgment against debtor.

(3) Doing any act to obtain possession of property of the estate or property from the estate.

(4) Doing any act to create, perfect or enforce a lien against property of the estate.

(5) Doing any act to create, perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before this case started.

(6) Doing any act to collect, assess or recover a claim against the debtor that arose before this case started.

(7) Setting off any debt owing to the debtor that arose before this case started against any claim against the debtor.

There are exceptions to the above and it may be possible that you can apply to the Court for relief from the stay. See title 11 USC 362 for the procedure to be followed in seeking relief from the stay.

In the absence of a petition in bankruptcy, which triggers the automatic stay, a creditor may have the right to offset an obligation then due and owing to it. Title 11 U.S.C. § 553 specifically provides that creditors retain this right of set-off except as provided in Section 362 (the automatic stay provision).

■ The principal issue in this case is whether the administrative hold placed upon the Cusannos' account by Fidelity constituted a set-off as the term is used in Section 362. However, the Court wishes to note that Section 362 also expressly places a stay upon "any act to obtain possession of property" of the debtor's estate. The freeze on their bank account deprived Mr. and Mrs. Cusanno of the use of these funds. The bank's action was thus tantamount to removing the funds from the possession of the Cusannos and placing the funds in the bank's possession until resolution of the distribution of the estate. Fidelity's action thus appears to have violated 11 U.S.C. § 362(a)(3) even if the administrative hold was not a "setoff" within the meaning of § 362(a)(7).

Furthermore, § 362(a)(6) places a stay upon "any act to collect, assess, or recover a claim against the debtor". By Fidelity's own admission, it froze the assets of the Cusanno account so that Fidelity might eventually collect a greater share of the loan obligation owed to it by the Cusannos. Fidelity's action was thus one to help it collect a claim or recover a claim. Therefore, for the reasons previously noted, the bank's action violated the automatic stay regardless of whether the freezing of the bank account constituted a setoff.

The substantial weight of judicial authority that has considered analogous matters has concluded that administrative holds or freezes placed on debtor assets are setoffs or so tantamount to setoffs as to violate the automatic stay provisions of the Bankruptcy Act. *See In re Executive Associates, Inc.,* 24 B.R. 171 (S.D.Tex.1982); *In re Carpenter,* 14 B.R. 405 (M.D.Tenn.1981); *In re Norton,* Civil Action Nos. 82–0990; 82–0991 (E.D.Pa. October 25, 1981) (Hannum, J.). *Contra, Kenney's Franchise Corp. v. Central Fidelity Bank,* 22 B.R. 747 (W.D.Va.1982); *In re Gazelle, Inc.,* 17 B.R. 617 (W.D.Wis.1982). All of the cited cases involved facts similar to those of the Cusanno matter. In *Kenney's* and *Gazelle, supra,* the courts determined that the banks involved had not violated the automatic stay because the funds frozen were "cash collateral" used to secure loans by the debtors within the meaning of 11 U.S.C. § 363(c)(2). It should be pointed out, however, that Section 363 prohibits a debtor operating a business from using cash collateral without first obtaining approval of the bankruptcy court or the consent of the bank holding the cash collateral.

Both the *Kenney's* and *Gazelle* courts seem to assume that the bank has the right to make the initial determination of which bank accounts are cash collateral which the debtor may not use and which bank accounts are property of the debtor's estate which may be exempted from forfeiture to creditors pursuant to 11 U.S.C. § 522(b)(1) and 522(d)(5). However, this determination is conclusive only when made by the courts, not when unilaterally decided by interested parties. When there exists a dispute as to the classification of a bank account, neither party has the authority to take action affecting the funds. Instead, the party seeking to take action concerning the funds should first approach the bankruptcy court and file a motion for a declaration of the account's status (*e.g.*, cash collateral or creditor-exempt property of the estate) and a partial lifting of the automatic stay.

Even the two courts that have held that freezing an account does not constitute a setoff have required the bank to move swiftly to obtain bankruptcy court approval of its action. The *Carpenter* court stated that it was "of the opinion that in a liquidation case the withholding or 'freezing' of funds subject to a valid setoff claim does not violate the automatic stay of 11 U.S.C. § 362(a)(7), provided that a complaint seeking relief from the stay is filed promptly thereafter." 14 B.R. at 407. In this case, Fidelity made no attempt to seek relief from the automatic stay of the Bankruptcy Court. Instead, Fidelity unilaterally froze the Cusanno account, refused to lift this administrative freeze of the account, and then continued the freeze. It was the Cusannos who filed the complaint with the Bankruptcy Court seeking a declaration of the status of the funds. Judge King subsequently held that their interest in the funds in the account were "property of the estate, which could be exempted by the debtors pursuant to § 522(b)(1) and (d)(5)" (17 B.R. at 881) and that the bank account was not cash collateral unavailable for use by the Cusannos. This Court affirms that finding of the Bankruptcy Court as well as the Bankruptcy Court's Order striking the administrative hold and assessing fees and costs against Fidelity.

■ Even if the bank had possessed a right of setoff against the Cusannos, the bank forfeited this right by failing to seek timely relief in the Bankruptcy Court. The bank's conduct would have been in error in either a Chapter 7, a Chapter 11, or a Chapter 13 case. Here, however, in a Chapter 13 case involving individual debtors of modest means who may require the bank account funds to meet daily expenses for food, clothing and shelter, the bank's actions in disregard of court authority are especially troublesome. Furthermore, Fidelity possessed a number of means by which it could have sought relief through the Bankruptcy Court without the account funds being dissipated during the pendency of court action. Section 362(f) of the Bankruptcy Code specifically provides that a court may grant relief from the automatic stay without a hearing "as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing...." Fidelity could have quickly sought such ex parte relief from the stay if it had believed that freezing the account was necessary to prevent the dissipation of funds that were eligible for setoff or as cash collateral unavailable to the debtor. Instead, the bank acted as though the automatic stay was not applicable to it. The bank's conduct violated the automatic stay of the Bankruptcy Court, and the Bankruptcy Court had the authority to award costs and an attorney's fee to the Cusannos. *See In re Miller,* 22 B.R. 479 (D.Md.1982); *In re Shiko,* 21 B.R. 203 (M.D.Pa.1982). The Court will therefore enter an Order affirming the decision of the Bankruptcy Court.