In re William F. EDGINS, Debtor.

**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Defendant-Appellant,**

v.

**William F. EDGINS, Plaintiff-Appellee.**

BAP No. NC–82–1402 Vase.
Bankruptcy No. 1–82–00881.
Adv. No. 1–82–0535.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued March 25, 1983.

Decided Jan. 13, 1984.

account, precluding him from withdrawing $7,101.11 from said account.

On August 5, 1982, the debtor's Chapter 13 plan was confirmed by the bankruptcy court. On August 9, 1982, the bank filed a proof of claim as an unsecured creditor. The bank amended its proof of claim on August 18, 1982, to assert that $7,101.11 of its claim against the debtor was secured pursuant to 11 U.S.C. Section 506(a).

On August 10, 1982, the debtor filed an application with the bankruptcy court for an order to show cause why the bank should not be held in contempt for violating the automatic stay of 11 U.S.C. Section 362 by withholding from the debtor the funds under the "administrative freeze". The debtor also filed a complaint for turnover of the funds, damages, sanctions and attorneys fees. The bankruptcy court issued an order to show cause on the same date. A contempt hearing was held on August 23, 1982.

On September 7, 1982, the bankruptcy court entered Findings of Fact and Conclusions of Law holding the bank "guilty of contempt for violating the restraining order in the above entitled case"; that a hearing would be held in the future to determine sanctions, damages, costs and attorneys' fees; and that the bank was to release the funds subject to the "administrative freeze", for the debtor's use. The bank filed a timely notice of appeal of the September 7, 1982 order.

On October 6, 1982, the bankruptcy court entered an order pursuant to stipulation whereby the bank agreed to remove its "administrative freeze" on the deposit account of the debtor; the debtor waived and released the bank from any claim for *sanctions* arising out of the September 7, 1982, contempt order; vacated the hearing date which had been set to establish sanctions, damages, costs and attorneys' fees; and the adversary proceeding was dropped from the trial calendar unless a party in interest restored it to the calendar after notice. The stipulated order also stated that neither the stipulation nor the order approving it should impair the rights of the bank to appeal the September 7, 1982 order.

James E. Armstrong and Harold R. Lichterman, San Francisco, Cal., for defendant-appellant.

Philip M. Arnot, Eureka, Cal., for plaintiff-appellee.

Before VOLINN, ASHLAND and ELLIOTT, Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

The Bank of America appeals from an order holding the bank in contempt for violation of the automatic stay. The question presented is, may the bank, a creditor of the debtor, defer withdrawal of funds from debtor's account without violating the 11 U.S.C. Section 362 stay? We hold that the bank may defer access to the account and accordingly reverse.

## I. FACTS

On July 9, 1982, the debtor, William F. Edgins, filed a bankruptcy petition pursuant to 11 U.S.C. Chapter 13. At the time of filing, the debtor owed $12,500 to the appellant, Bank of America National Trust and Savings Association where he also maintained a checking account. Between July 9, 1982 and the date that the bank received notice of the filing, July 14, 1982, the lowest balance in the debtor's checking account was $7,101.11. The bank placed an "administrative freeze" on the debtor's checking

## II.  NOTICE OF APPEAL

Pursuant to 28 U.S.C. Section 1482, this panel has jurisdiction over appeals from all *final* judgments, orders and decrees of bankruptcy courts.  This Panel also has jurisdiction over interlocutory judgments, orders and decrees of bankruptcy courts but only by leave of this Panel.

■  A final judgment, order or decree is one which ends the litigation on the merits and leaves nothing for the trial court to do but execute on the decision.  *Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945).  The order on appeal does not meet this test of finality since it provides that a hearing relating to sanctions, damages, costs and attorneys' fees shall be held at a later date.

■  As a result, we are dealing with an interlocutory appeal.  Interim Bankruptcy Rule 8004(d), which was in effect at the time the subject order was appealed, allows this Panel to treat the bank's notice of appeal as an application for leave to appeal an interlocutory order.  We, therefore, consider the bank's notice of appeal as an application for leave to appeal and deem it appropriate to GRANT such application.

## III.  DISCUSSION

### A.  Confirmation of the Plan

■  In its findings and conclusions, the bankruptcy court points out that the bank filed an unsecured proof of claim on August 9, 1982.  It also points out that the bank failed to object to confirmation of the debtor's Chapter 13 plan during the August 5, 1982 hearing.  The bankruptcy court then concludes that the bank is bound by the unsecured position in which the plan apparently places the loan.

It is clear from the outset of its knowledge of the bankruptcy that the bank felt it had a secured interest in the funds retained in the subject account through a setoff.  The bank claims that the filing of the unsecured proof of claim was inadvertent and amended it nine days later to reflect a claim of a secured interest.  The record supports the contention of the bank that it asserted a secured claim on the subject account funds.  Neither the bankruptcy court nor the debtor appear to have relied on the unsecured proof of claim when confirming or carrying out the Chapter 13 plan.  We see no reason why the bank's short lived error should provide a windfall for those who may have no legal or equitable claim to the account, and suffered no demonstrable prejudice by virtue of the delay.

### B.  Bankruptcy Code Provisions

This case, despite its simple facts, involves interaction of the automatic stay of 11 U.S.C. Section 362, setoffs under 11 U.S.C. Sections 553, turnover of property of the estate under 11 U.S.C. Section 542(b), determination of secured status under 11 U.S.C. Section 506(a), and use of cash collateral under 11 U.S.C. Section 363.

Upon the filing of a bankruptcy petition, 11 U.S.C. Section 362(a)(7) operates as a stay of "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor".  11 U.S.C. Section 362(a)(4) operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate", assuming that the secured creditor contemplated by 11 U.S.C. Section 506(a), has a lien.

The elements of a setoff are principally defined in 11 U.S.C. Section 553 which, with certain exceptions apparently not applicable here, allows:

> a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against the debtor that arose before the commencement of the case . . .

The wording of the statute would indicate that the creditor need not have consummated nor even have asserted the existence of a setoff prior to the filing of the bankruptcy petition.

11 U.S.C. Section 542(b), dealing with the obligation to turnover property of the estate, provides:

... [A]n entity that owes a debt that is property of the estate ..., shall pay such debt to, or on the order of, the trustee, except to the extent that such debt *may* be an offset under Section 553 of this title against a claim against the debtor. (emphasis supplied)

11 U.S.C. Section 542(b) would appear, then, to allow a creditor of the estate who may have a right to setoff funds owing to the debtor or the estate, to defer payment pending a hearing on the right to setoff.

■ When a creditor defers payment pursuant to an asserted right to setoff, the creditor is not entitled to actually setoff the deferred funds, which would be a violation of 11 U.S.C. Section 362. In turn, the debtor is not permitted to use cash collateral without first obtaining court authority and after notice and hearing.

This stalemate may be alleviated by either party initiating a number of alternative proceedings in the bankruptcy court. Either party might make application for a declaratory determination of whether the frozen account is security by virtue of Section 506(a) and thus subject to a right of setoff under Section 553. The creditor might bring an action for relief from the automatic stay for the purpose of asserting and exercising its security interest and right to setoff. The debtor might bring a motion for use of the security as cash collateral under 11 U.S.C. Section 363. Any of these methods could be pursued by motion and in a shortened time frame, given an emergency. The bankruptcy code does not specify which should be used nor whether the creditor or the debtor should initiate action to break what appears to be a statutory logjam.

### C. The Order on Appeal

■ The court below concluded that by freezing the subject bank account, the bank has violated 11 U.S.C. Sections 362(a)(7) and (a)(4). The court indicated that the bank should have turned the account funds over to the debtor when demanded and immediately have moved for a freeze of the debtor's use of the funds pursuant to 11 U.S.C. Section 363, until adequate protection could

be determined. The court also stated in its findings and conclusions that "... the bank is listed as one of three unsecured creditors, but by its bit of legerdemain it has apparently turned an unsecured claim into a secured claim to allow itself to be preferred over its fellow unsecured creditors."

The bank account represents funds which the bank owes to the debtor. The bank states that it has deferred payment of such funds in which it claims a security interest under 11 U.S.C. Section 506(a) and an eventual right of setoff under 11 U.S.C. Section 553. 11 U.S.C. Section 362(a)(7) enjoins the bank from setting off the funds or applying the funds in the subject account against the debtor's unsecured loan. *In re Davis,* 29 B.R. 652 (Bkrtcy.W.D.N.Y.1983). During the hearing on contempt, counsel for the debtor stated that it was his understanding that the subject funds had not been setoff. Tr. p. 2. By deferring payment of the account pending a decision of the bankruptcy court, the bank was not acting to create, perfect, or enforce a lien as prohibited by 11 U.S.C. Section 362(a)(4). The bank held the account open but precluded the debtor's use of the funds pending a determination of its right to setoff. Such an action is recognized and countenanced by 11 U.S.C. Section 542(b), a section of the bankruptcy code which the court below did not consider.

As to the court's characterization of the bank's action as an attempt to prefer itself, the right of a creditor of the debtor's estate to utilize the right to setoff is expressly extended to creditors entitled thereto under 11 U.S.C. Sections 553, 506(a) and 542(b). Given this right, the bank's action was proper.

■ There is no requirement that the bank bring an action under 11 U.S.C. Section 363 to defer payment of the account funds. The debtor could have moved expeditiously for a determination of the secured status of the funds or a right to setoff, or for use of the account funds as cash collateral under 11 U.S.C. Section 363. The debtor apparently, chose not to do so. Since the debtor initiated the problem and

had, through his knowledge of the prospect of bankruptcy, control of subsequent events, it should have been his obligation to initiate proceedings to determine a proper disposition of the account funds. Had he done so, the respective claims of interest in the funds would probably have come to a timely disposition, without the ensuing confusion and cost.

### D. Case Law

Our analysis, is in accord with the decision in *Kenney's Franchise Corp. v. Central Fidelity Bank NA, Lynchburg*, 22 B.R. 747 (W.D.Va.1982). *See also, In re Davis, supra; In re Gazelle, Inc.*, 17 B.R. 617 (Bkrtcy. W.D.Wis.1982).

Certain decisions have come to a different conclusion. Illustrative of these cases is *Cusanno v. Fidelity Bank*, 29 B.R. 810 (E.D. Pa.1983)[1]. In *Cusanno*, the court stated that 11 U.S.C. Section 553 provides that creditors retain the right to setoff except as provided in 11 U.S.C. Section 362. The court was of the view that a bank's administrative freeze constituted a setoff or was so tantamount to a setoff as to violate Section 362. In addition, it stated that such a freeze was an "act to obtain possession of property" of the debtor's estate, as prohibited by 11 U.S.C. Section 362(a)(3), and was by the appellant bank's admission, an "act to collect, . . ., or recover a claim against the debtor" as prohibited by 11 U.S.C. Section 362(a)(6). *Cusanno* criticizes the holdings in *Kenny's Franchise, supra,* and *Gazelle, supra,* by observing that such rulings would allow banks to make a determination as to which funds are property of the estate and which funds are cash collateral.

Assuming that the debtor-creditor relationship of bank and depositor allows of positing an argument regarding possession, it is not clear to us how an administrative freeze is an attempt to obtain possession of property of the debtor's estate. The debtor parted with possession or ownership of the funds in question when he made the deposit prior to bankruptcy. The bank in the case

at bar has maintained the status quo without taking action to collect or recover a claim against the debtor. It has simply deferred payment of the funds pending the outcome of any proceedings brought by it or the debtor to determine their use and ownership. The debtor does not deny this, stating that it is his understanding, that the funds have not been setoff.

The criticisms of *Kenney's Franchise* and *Gazelle, supra,* seem to be made with little foundation. In this type of situation, banks are not so much making a determination of ownership as giving notice to the debtor that they claim an interest in the funds and intend to prevent dissipation of the bank's claimed interest pending the court's determination of ownership. The *Cusanno* line of cases are not persuasive. They put the burden on the wrong party. Creditors with a valid right of setoff under 11 U.S.C. Section 553 would be required to turnover to the debtor funds subject to setoff and thereafter attempt to obtain an order from the court to preclude the debtor from improvidently dissipating the funds. This will, all too often, be an attempt to lock the barn door after the horse has been stolen. The shield of 11 U.S.C. Section 362, which is procedural and vests no intrinsic interest in property to the estate, should not be used as a sword to divest other parties of legitimate interests in property particularly where the debtor has the knowledge and means to bring whatever claim he may have for use of the funds on for prompt hearing.

### IV. CONCLUSION

The bank's reaction to the complex legal problem brought about by the bankruptcy petition was not improper and does not warrant a finding of contempt. The bank's action to maintain the status quo was a proper and responsible action necessary to create a balance pending prompt action, presumably by the debtor, or ultimately by

---

1. The reasoning of *Cusanno* as to the effect of 11 U.S.C. Section 362 is dicta, the case being decided on the basis that the property was exempt and not subject to setoff.

the bank to resolve the rights of the parties to the funds.

We hold that the bankruptcy court erred in finding the bank guilty of contempt for violating the automatic stay of 11 U.S.C. Section 362. We, therefore, REVERSE the Order Re Contempt entered by the bankruptcy court and REMAND for proceedings consistent herewith.

ASHLAND, Bankruptcy Judge, dissenting:

I respectfully dissent.

The issue before us is whether the conduct of the bank supports a finding of contempt. I cannot say that the trial court's determination is clearly erroneous.

Under § 542(b) an entity is required to turnover property of the debtor except to the extent it is subject to being offset in § 553. The setoff in § 553 is subject to the automatic stay of § 362(a)(7). The administrative freeze is tantamount to a setoff. The bank should have asked for relief from the stay.

I would affirm.