Allen Dwight STANN, Plaintiff/Appellee,

v.

MID AMERICAN CREDIT UNION, Defendant/Appellant.

Civ. No. 83–1638.

United States District Court, D. Kansas.

April 23, 1984.

---

Allen Dwight Stann, pro se.

Eric D. Bruce, Bruce, Davis & Gilhousen, Wichita, Kan., for defendant/appellant.

## MEMORANDUM AND ORDER

CROW, District Judge.

This bankruptcy adversary proceeding is before the court on appeal from a memorandum and order of the bankruptcy judge filed May 26, 1983. The debtor, Allen Dwight Stann, filed a complaint for contempt against the Mid American Credit Union alleging that the credit union had violated the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a), by freezing the debtor's account after the debtor had filed a Chapter 7 bankruptcy petition. The credit union answered the complaint by denying that setoff had been accomplished and affirmatively alleging its entitlement to a lien on the account pursuant to K.S.A. 17–2212(a) which provides, in part:

> A credit union shall have a lien and right of setoff on the shares of any member and on the dividends or other earnings payable thereon for and to the extent of any obligation of the member....

The bankruptcy court held that the credit union violated the automatic stay of 11 U.S.C. § 362(a) by freezing the debtor's account and ordered the release of the funds.

The facts of the case may be briefly stated. At the time the debtor filed for relief under Chapter 7, he had an interest bearing checking account with the Mid American Credit Union with a balance of $218.36. The debtor also had an unsecured loan with the credit union with a balance of $305.05. Upon receiving notice of the bankruptcy filing, the credit union placed an administrative "freeze" on the debtor's account. Pre-petition checks received by the credit union were not honored and the debtor's request to withdraw funds was denied. The debtor then brought this action.

The first issue on appeal is whether the credit union had a lien and right of setoff in the debtor's account. Under Kansas law a credit union is empowered to receive savings of its members in payment for shares and to allow withdrawal of shares for payment to the account holder or third parties in accordance with procedures established by its board of directors. K.S.A. 17–2204. In this case, the plaintiff's funds were on deposit in an "expandacheck" account which permitted plaintiff to write checks against his shares. The character of the funds on deposit as shares was not altered by this arrangement since by statute all accounts of whatever type are share accounts.

K.S.A. 17–2212(a) provides that a credit union shall have a "lien and right of setoff on the shares of any member ... for

and to the extent of any obligation of the member." Although the statute refers to "lien," the right conferred by the statute is an equitable right of setoff which has long been recognized in Kansas as the right of a bank to setoff the unmatured indebtedness of an insolvent depositor against the bank's liability on the deposit. *Docking v. Commercial National Bank,* 118 Kan. 566, 569, 235 P. 1044 (1925). See generally 10 Am.Jur.2d Banks § 666 (1963). Setoff is accomplished in three steps: 1) a decision to exercise the right, 2) some action which accomplishes setoff, and 3) some record which evidences that the right of setoff was actually made. *Baker v. National City Bank of Cleveland,* 511 F.2d 1016, 1018 (6th Cir.1975); *see Gunn v. The Stock Yards State Bank,* 97 Kan. 404, 406–07, 155 p. 796 (1916). Based on the record on appeal, it is undisputed that defendant froze the debtor's account, but did not accomplish an overt act necessary for setoff. The court finds that the credit union had an unexercised right of setoff in the shares held in the debtor's account at the time the petition in bankruptcy was filed pursuant to K.S.A. 17–2212(a).

■ The second issue on appeal is whether the credit union violated the automatic stay of 11 U.S.C. § 362(a) by freezing the debtor's account. The automatic stay in bankruptcy expressly prohibits the setoff of any debt owing to the debtor that arose before the commencement of the bankruptcy case. *Id.* at (a)(7). A creditor of the bankruptcy estate holding an unexercised right of setoff is permitted to defer payment to the debtor or the estate pending a hearing on the right to setoff under 11 U.S.C. § 542(b). *In re Edgins,* 36 B.R. 480, 482–83 (Bkrtcy. 9th Cir.1984). Setoff will be permitted in bankruptcy for mutual debts that arose before the commencement of the case. 11 U.S.C. § 553. Although the Code does not expressly provide for an administrative "freeze" by a creditor on an insolvent debtor's account, it is implied by a reading of sections 362(a)(7), 542(b) and 553. *See* "Freezing" the Debtor's Bank Account: A Violation of the Automatic Stay?, 57 Am.Bankr.L.J. 75 (1983). More-

over, two appeals courts which have considered this question have determined based upon similar facts that deferring payment of an account pending a bankruptcy court's determination of the rights of the parties was not acting to create, perfect or enforce a lien in violation of 11 U.S.C. § 362(a)(4). *In re Edgins, supra* at 483; *Kenney's Franchise Corporation v. Central Fidelity Bank,* 22 B.R. 747, 749 (W.D.Va.1982) *reversing In re Kenney's Franchise Corporation,* 12 B.R. 390 (Bkrtcy.W.D.Va.1981). An illustrative case of the opposite viewpoint is *Cusanno v. Fidelity Bank,* 29 B.R. 810 (E.D.Pa. 1983). The *Cusanno* court decided that freezing an account was an act to obtain possession of the property or to collect a claim against the debtor which acts are prohibited under the automatic stay, 11 U.S.C. § 362(a)(3) and (a)(6). *Id.* at 812. This interpretation of the Code does not square with the facts since general deposits are considered to be property of the bank for which the bank is indebted to the depositor, therefore the bank had possession of the funds when the debtor paid them into the bank. In addition, the administrative freeze is not an attempt to collect a debt, it is an act to maintain the status quo until the rights of the parties can be determined by the bankruptcy court. *See In re Edgins, supra* at 484 (criticizing *Cusanno*).

The bankruptcy court relied upon *In re Executive Associates, Inc.,* 24 B.R. 171 (Bkrtcy.S.D.Tex.1982), in holding that the credit union's freeze of the debtor's account violated the automatic stay. *See also In re LHG Resources, Inc.,* 34 B.R. 202 (Bkrtcy.W.D.Tex.1983) (following *In re Executive Associates, Inc.*) The court does not find the reasoning of these cases persuasive. These court's refuse to distinguish between a freeze and a setoff. There are in fact at least three differences. A setoff requires an overt act but a freeze simply results in inaction on the part of the bank. A setoff actually adjusts the rights of the parties *inter se* but a freeze does not. Finally, the freeze is a necessary ad-

junct to the right of setoff since it assures that the bank's debt to the depositor will not be discharged by withdrawal of the funds before the bank can obtain a judicial determination of its right of setoff. The court finds that the credit union did not violate the automatic stay of 11 U.S.C. § 362(a) by placing an administrative freeze on the debtor's account. Accordingly, the decision of the bankruptcy judge is reversed and the case is remanded for further proceedings in accordance with this opinion.

IT IS THEREFORE ORDERED the decision of the bankruptcy court in *Allen Dwight Stann v. Mid American Credit Union*, Adv. No. 82–0820 (May 26, 1983) is reversed.