## In Re VERMONT REAL ESTATE INVESTMENT TRUST, Debtor.

VERMONT REAL ESTATE INVESTMENT TRUST, Donald Wooden, Raymond V. Phillips, Judy W. Walke and Jan C. Otto, Trustees, Plaintiffs,

v.

Charles E. CROWELL, Elizabeth Gentile, Eugene Beaudoin and Crowell, England & Company, Defendants.

Bankruptcy No. 82–00033.
Adv. No. 82–0072.

United States Bankruptcy Court, D. Vermont.

June 9, 1982.

David Putter, Montpelier, Vt., for movant, Elizabeth Gentile.

Austin Noble, Montpelier, Vt., for plaintiffs.

Ronald A. Fox, Montpelier, Vt., for Charles E. Crowell.

Paul Jarvis, Burlington, Vt., for Eugene Beaudoin.

## MEMORANDUM AND ORDER ON MOTION OF ELIZABETH GENTILE FOR DISMISSAL AS DEFENDANT

CHARLES J. MARRO, Bankruptcy Judge.

The Plaintiffs instituted an action in Washington Superior Court for actual and punitive damages against the Defendants in the sum of One Million Dollars generally for breach of trust. This suit is directed principally against the defendants, Charles E. Crowell and Eugene Beaudoin as trustees of the Trust.

The Plaintiffs allege that the defendant, Elizabeth Gentile, since December 18, 1981 has been the wife of the defendant, Charles E. Crowell. The only allegation in the Complaint consisting of six counts which relates to Defendant Gentile is under Count III wherein it alleges that Defendants Crowell and Beaudoin willfully and intentionally breached the trust in that they "diverted money to Defendant Elizabeth Gentile, d/b/a Steele Associates, for supposedly

managing the 32-unit apartment property in the Town of Colchester, Vermont, when said money paid was in excess of the worth of any labor spent on managing said property."

Defendant Gentile on March 20, 1982 filed a Motion in Washington Superior Court to dismiss the action against her prior to answering. By Order entered April 9, 1982 the Washington Superior Court action was removed to this Bankruptcy Court.

The basis for the Motion of Gentile is that the Complaint fails to set forth a plain statement showing that the pleader is entitled to relief as required by Vermont Rule of Civil Procedure 8(a)(1); that the Complaint does not allege that Defendant Gentile violated any duty to the Plaintiffs; that the Complaint is insufficient both because it fails to state a cause of action and because it fails to apprise Gentile of those actions and duties of hers upon which the Plaintiffs predicate a claim of liability against her. Defendant Gentile's Motion for Dismissal is supported by a Memorandum filed May 24, 1982 which recites certain alleged facts. These facts were developed by her testimony at a hearing held on her Motion to Change the Membership of the Committee of Unsecured Creditors by adding her as a member. In her Memorandum Gentile argues that the amount received by her for services in the management of the 32-unit apartment house in Colchester for the Debtor was minimal and that she should not be obligated to defend this action as a defendant. She cites *Paul v. Slason*, 22 Vt. 231, for the principle that there are some injuries of so small and little considerations in the law that no action will lie for them. While this case recognizes the ancient and well established maxim, de minimis non curat lex, this Court is not convinced that without a full hearing there should be a dismissal on the basis that the damages sustained by the Plaintiffs are inconsequential. As of now, the Plaintiffs have not been given an opportunity to establish the full amount of the alleged damages.

 On the other hand, the Plaintiffs contend that if there has been a breach of

duties by the trustees and Gentile received money from the Trust she is obligated to make restitution and, therefore, she is a proper defendant. It is an established legal principle that the person to whom a transfer of trust property constituting a wrongful conversion of the trust property and a breach of trust is made, when not protected as a bona fide purchaser for value, is liable and accountable as a constructive trustee in invitum and ex maleficio or de son tort. 76 Am.Jur.2d 478 § 257, citing cases. Further, transferees of trust property who are liable, severally or jointly, with the original trustee, as constructive trustees, may be made parties defendant accordingly. 76 Am. Jur.2d 820 § 609. It follows, therefore, that Gentile has been properly made a party by the Plaintiffs.

 As to Gentile's contention that the Complaint does not comply with VRCP 8(a)(1) it should be pointed out that, with the transfer of the case from Washington Superior Court to this Court, Rule 8 of the Federal Rules of Civil Procedure now applies. It is strikingly similar to VRCP 8. Under this federal rule it is not necessary to set out in detail the facts upon which the pleader bases his claim but he is required to give only a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley v. Gibson* (1957) 355 U.S. 41, 2 L.Ed.2d 80, 78 S.Ct. 99; *Dewell v. Lawson* (1974, CA10 Okl.) 489 F.2d 877. It has also been held that the complaint need not set down in detail all particularities of plaintiff's claim against defendant.

Rule 8(a)(2) simply requires a short and plain statement of claim showing pleader is entitled to relief. All complaint needs to do is afford defendant fair notice of what plaintiff's claim is and grounds upon which it rests. *Westlake v. Lucas* (1976, CA6 Mich.) 537 F.2d 857; *Friends of the Earth v. Carey* (1975, DC N.Y.) 401 F.Supp. 1386 affd. in part and revd. in part on other grounds (CA2 N.Y.) 535 F.2d 165.

The system of modern federal procedure embodied in Rule 8 requires only that a

litigant construct a complaint which truly and accurately reflects the basis upon which he believes he should recover and one which gives fair notice to the party against whom relief is sought; the point of principal importance is that lawsuits are no longer to be routinely disposed of solely on the basis of the phraseology a plaintiff selects in framing his complaint, but discovery, pretrial and summary judgment procedures are the vehicles employed today to achieve prompt disposition of meritless claims. *Reed v. Board of Education* (1972, CA8 Mo.) 460 F.2d 824.

■ Under the requirements of Rule 8 of the Federal Rules of Civil Procedure and the cases cited the Court is satisfied that the Plaintiffs have alleged a cause of action against Defendant Gentile which is sufficient to apprise her of the alleged claim of liability against her. This conclusion is supported by her testimony at the hearing held on the Motion to add her to the Committee of Unsecured Creditors which clearly indicated that she was aware of the nature of the claim being asserted against her by the Plaintiffs.

■ The Plaintiffs, however, do concede that Gentile's role in this matter is such that she should not be obligated to bear the expense of extensive pre-trial discovery, and, therefore, they are willing to have it limited as far as she is concerned. Gentile likewise seems to be disturbed about the possibility of the attachment by the Plaintiffs of her property to the value of One Million Dollars which is the ad damnum under the Plaintiff's Complaint. She is entitled to protection as to these matters. In addition, if she is not satisfied with the allegations in the Complaint she may, if she sees fit, conduct some discovery and in all likelihood she may obtain further detail by the use of Interrogatories which should not cause her any great expense.

## ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED as follows:

1. The Motion for Dismissal of Elizabeth Gentile as a defendant in the Complaint against her and others before trial is DENIED.

2. The Plaintiffs are not authorized to conduct any discovery relating to that portion of the Complaint directed against Gentile without further Order of this Court.

3. The Plaintiffs are not authorized to attach any of the property of Gentile without further Order of this Court.