In re **PHILADELPHIA CONSUMER DISCOUNT COMPANY, and Philadelphia Acceptance Corporation Jointly Administered, Debtors.**

**COMMERCIAL CREDIT BUSINESS LOANS, INC., Plaintiff,**

v.

**PHILADELPHIA CONSUMER DISCOUNT COMPANY and Philadelphia Acceptance Corporation, Defendants.**

**Bankruptcy No. 83-01854G.
Adv. No. 83-1625G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 16, 1983.

Neal D. Colton, E. David Chanin, Dechert, Price & Rhoads, Philadelphia, Pa., for plaintiff, Commercial Credit Business Loans, Inc.

Joseph S.U. Bodoff, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for defendants, Philadelphia Consumer Discount Company and Philadelphia Acceptance Corp.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

This opinion embraces two contested matters. One involves the issue of whether the debtors' application for authority to use cash collateral pursuant to section 363 of the Bankruptcy Code ("the Code") should be granted. The other, if said application is denied, requires us to determine whether the complaint of Commercial Credit Business Loans, Inc. ("CCBL") against the debtors for relief from the automatic stay provisions of section 362(a) of the Code should be granted. Because we conclude that CCBL does not presently have adequate protection of its security interest and because the debtors have not demonstrated that CCBL's security interest will be adequately protected if the debtors are permitted to use the cash collateral, we will deny the debtors' application for authority to use the cash collateral and grant CCBL's complaint for relief from the automatic stay.

The facts of the instant case are as follows:[1] On May 3, 1983, Philadelphia Consumer Discount Company and Philadelphia Acceptance Corporation (hereinafter collectively referred to as the "debtors"), filed petitions for relief under chapter 11 of the Code. On May 6, 1983, an order of joint administration of both cases was entered, CCBL is a commercial lender who extended credit to the debtors pursuant to a loan agreement dated June 18, 1976. Under said agreement, the debtors granted to CCBL a security interest in all of their receivables. Before the commencement of the instant bankruptcy proceedings, the debtors defaulted on their payment obligations to CCBL. Consequently, the loan agreement was not renewed but, in lieu of foreclosing on its collateral, CCBL permitted the debtors to engage in an orderly "liquidation" whereby the debtors began to turn over to CCBL the cash proceeds of the receivables as they were collected. CCBL, therefore, had no contractual duty to continue to loan

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

**324**

money to the debtors on the date the bankruptcy petitions were filed. Rather, at that time CCBL possessed the right to the immediate payment of the cash proceeds. The debtors are indebted to CCBL in the amount of approximately $998,000.00 and the debtors represent that the actual value of the collateral, i.e., the receivables, is approximately $700,000.00. Accordingly, it is undisputed that there is presently no equity cushion which might adequately protect CCBL's security interest. Nevertheless, on June 13, 1983, the debtors filed an application for authority to use cash collateral pursuant to section 363 of the Code to which CCBL objected and, on June 16, 1983, CCBL filed a complaint for relief from the automatic stay against the debtors pursuant to section 362 of the Code.

The use of cash collateral is governed by section 363 of the Code, which provides:

(a) In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents in which the estate and an entity other than the estate have an interest.

\* \* \* \* \* \*

(2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—

(A) each entity that has an interest in such cash collateral consents; or

(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

\* \* \* \* \* \*

(e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. In any hearing under this section, the

trustee has the burden of proof on the issue of adequate protection.

\* \* \* \* \* \*

11 U.S.C. § 363.[2]

■ The debtors seek the use of cash collateral which, in the instant case, represents the proceeds of the receivables in which CCBL has a security interest, to make new loans and renew existing loans and thereby fund its plan or reorganization. As adequate protection for CCBL's security interest in the receivables, the debtors propose to make monthly payments of $10,000.00 to CCBL from funds presently available in reduction of CCBL's claim of nearly $1,000,000.00. In addition, the debtors contend that by using cash collateral to make new loans and renew old loans and by following "prudent lending practices", it can "substantially increase" the value of CCBL's collateral.

The debtor relies heavily on the case of *In re Stein,* 19 B.R. 458 (Bkrtcy.E.D.Pa.1982) wherein our colleague, Judge Twardowski, authorized the use of cash collateral. In that case, the secured party held a first lien on a debtor-farmer's crops, livestock and equipment and proceeds therefrom. After finding that the value of the secured creditor's collateral would increase as the herd reproduced and as the crops were harvested, Judge Twardowski made available to the debtor-farmer cash proceeds against which the secured party had a lien. The instant debtors somehow construe the *Stein* decision as being on "all fours" with the present case. We strongly disagree. While crops and livestock represent tangible collateral which possess a reasonable certainty of sale in the market place, speculative loan arrangements—"collateral" backed by "prudent lending practices" yet to be demonstrated by the instant debtors—are not. In short, the debtors have fallen far short of carrying their burden of demonstrating that CCBL will be adequately protected if access to cash collateral is granted.[3] Rath-

---

**2.** Section 1107(a) of the Code grants the debtor in possession all the rights and powers of a trustee appointed in a case under chapter 11 of the Code. 11 U.S.C. 1107(a).

**3.** *See* § 363(e) cited in the text *supra.*

er, the record suggests that the more supportable conclusion is that CCBL's secured position will in fact be completely dissipated as soon as all the receivables are collected and the proceeds used to fund office operations and make new or renewed loans. The speculative protection offered by the debtors against said dissipation mandates that the debtors' application be denied.[4]

■ With respect to CCBL's complaint for relief from the automatic stay provisions of section 362(a) of the Code, we find it dispositive that the debtors admit that they have no equity in the subject receivables.[5] And, as was the case with their application for authority to use cash collateral, the debtors have failed to establish that CCBL is otherwise adequately protected in order to justify the continuation of the stay.[6] We conclude, therefore, that CCBL is entitled to relief from the automatic stay pursuant to section 362(d)(1) of the Code.[7]

4. While "adequate protection" is not defined in the Bankruptcy Code, the legislative history of § 361 reflects the intent of Congress to give the courts the flexibility to fashion the relief in light of the facts of each case and general equitable principles. *See* H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 339 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787.

5. Section 362(d) of the Code provides when relief from the stay shall be granted:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

6. Section 362(g) allocates the burden of proof in a complaint for relief from the stay as follows:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

7. Section 362(d) permits modification of the automatic stay upon alternative grounds. Relief may be granted under § 362(d)(1) upon a finding that a debtor's interest in property is not adequately protected or under § 362(d)(2) upon a finding that the debtor has no equity in the property and that that property is not necessary to an effective reorganization. *See In re Schramm*, 12 B.R. 608 (Bkrtcy.E.D.Pa.1981); *In re Heath*, 9 B.R. 665 (Bkrtcy.E.D.Pa.1981).