In re **GOLDEN PLAN OF CALIFORNIA, INC., a California corporation, Debtor.**

In re **STATE LOAN SERVICING, INC., a California corporation, Debtor.**

In re **FINANCIAL SECURITIES AGENCY, INC., a California corporation, Debtor.**

In re **MID–CENTRAL CALIFORNIA, INC., a California corporation, Debtor.**

**Melvyn J. COBEN, Trustee, Plaintiff,**

v.

**Maurice Peter HAHN, Helen Hahn and First American Title Insurance Co., a corporation, Defendants.**

**Bankruptcy Nos. 282–00571–D–11 to 282–00574–D–11.**

**Adv. No. 283–0387.**

United States Bankruptcy Court, E.D. California.

May 8, 1984.

Melvyn J. Coben, trustee, in pro per, Nancy S. Eichler, Deborah J. Frick, Jane H. Rabin, Sacramento, Cal., for trustee.

Patricia M. Snyder, Levinson & Lieberman, Inc., Beverly Hills, Cal., for defendants.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

### INTRODUCTION

On February 18, 1982, involuntary petitions were filed against the debtor, Golden Plan of California, Inc. and its three related entities. On April 9, 1982, the court entered an order for relief, appointed Melvyn J. Coben as trustee, and ordered the cases consolidated for administrative purposes. In a subsequent order the court found that Personal Home Loans, Inc., B & M Management, Inc., Certified TD Service, Inc., and Central Loan Servicing, Inc. were alter egos of the debtor.

The trustee brings the present complaint to set aside a foreclosure sale which occurred on March 19, 1982, after the petitions were filed but before entry of the order for relief. Defendants Maurice P. and Helen Hahn were the beneficiaries of a first deed of trust and purchased the property at the sale while co-defendant First American Title Insurance Company (FATICO), as trustee under the deed of trust, conducted the sale.

### FACTS

On June 30, 1978, Charles T. and Barbara D. Steele executed and recorded a note and deed of trust secured by residential real property located at 24280 Mosquito Road, Foresthill, Placer County, California. The defendants, Maurice P. and Helen Hahn were the beneficiaries of that note and deed of trust. On July 21, 1981, Joviano F. and Rita L. Machado, who were grantees of the Steeles, transferred the property by grant deed to Personal Home Loans, Inc. Thereafter, on September 1, 1981, Personal Home Loans, Inc. transferred the property to Amber Handell by corporation grant deed. The deed was signed by Daniel A. Monaco, Jr., president of Golden Plan and brother of Amber Handell and recorded on September 11, 1981.

On September 24, 1981, Amber Handell executed a note and deed of trust which named Golden Plan as beneficiary to secure a loan for $100,000. Golden Plan then assigned its beneficial interest in the deed of trust to Roscoe Technology which in turn assigned its interest to various Golden Plan investors.

On February 21, 1982, FATICO filed a notice of trustee's sale. And, at the trustee's sale on March 19, 1982, the Hahns purchased the property for a full credit bid of $69,851.63, which represented the outstanding indebtedness under their deed of trust.

The trustee states that although Amber Handell did not make any payments on her note, the debtor paid $2,683.64 in advances to the various investors named on the junior deed of trust. The trustee asserts that the estate has an equitable interest in the junior deed of trust because of the advances and that the trustee's sale violated the automatic stay. The trustee also argues that based upon 11 U.S.C. § 549, he can avoid the post-petition transfer. The defendants argue that the estate does not possess an interest in the property and even if it does the transfer falls within 11 U.S.C. § 549(c) as an exception to the automatic stay.

This matter was scheduled for trial on November 1, 1983. Just prior to that date, however, the parties were close to a settlement, subject to the approval of the investors. Since a settlement was not negotiated, this matter is now before the court on the briefs, exhibits, and declarations submitted by the parties.

### DISCUSSION

As a preliminary matter, the defendants argue that the court should not consider any evidence regarding the advances made by the debtor to the investors since the

trustee has raised this issue for the first time in his opening brief. The defendants continue that they were not apprised of the basis for the trustee's claim by the pleadings and, therefore, any evidence outside of the pleadings should be excluded.

■ Fed.R.Civ.Proc. 8(a)(2), which is incorporated by Rule of Bankr.Proc. 7008, provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint need only afford a defendant fair notice of the plaintiff's claim and the grounds upon which it is based. *In re Vermont Real Estate Investment Trust*, 21 B.R. 744, 746 (Bkrtcy.D.Vt.1982).

■ Here, the trustee's complaint alleges that the debtor's estate has an interest in the real property[1]. While it is true that advances were not mentioned in the complaint, the trustee's assertion that the debtor's estate claimed an interest in the property and that the foreclosure sale was avoidable under 11 U.S.C. § 549 gave defendants sufficient notice of the trustee's claim.

■ The defendants also argue that the trustee has abandoned his interest in the property. During the course of settlement negotiations the trustee's attorney wrote the defendants' attorney and stated that the trustee no longer asserted an interest in the property.

It is well-settled that statements made during the course of settlement negotiations are inadmissible. Fed.R.Evid. 408. The trustee has not abandoned his claim based upon these statements.

Turning to the merits of this case, the first issue before the court is whether or not the estate had an interest in the deed of trust by reason of the advances.[2]

■ Property of the estate is defined in 11 U.S.C. § 541(a)(1) as "all legal or equitable interests of the debtor in property as of the commencement of the case." This definition includes both tangible and intangible property. A bankruptcy court will apply state law to determine the existence and nature of a debtor's interest in property. Once that determination is made, however, federal bankruptcy law determines if that interest is property of the estate. *In re Hackett*, 23 B.R. 710, 711 (Bkrtcy.E.D.Pa. 1982) *In re Hurricane Elkhorn Coal Corp. II*, 19 B.R. 609, 615 (Bkrtcy.W.D.Ky. 1982).

■ According to California law, an equitable lien is the right to have specific property applied to the payment of a debt. 42 Cal.Jur.3d *Liens* § 10 (1978). An equitable lien will be created as a remedy to prevent unjust enrichment. *Jones v. Sacramento Savings & Loan Assoc.*, 248 Cal. App.2d 522, 529–30, 56 Cal.Rptr. 741 (1967). The purpose of an equitable lien is to identify and impress upon property the beneficial rights of an innocent party who has contributed to the acquisition, protection or improvement of the property. *Holder v. Williams*, 167 Cal.App.2d 313, 315, 334 P.2d 291 (1959).

■ In the present case, the debtor provided a service to some of its investors by continuing to pay them even though the promisor of the underlying note had defaulted. These advances were not gifts because the debtor intended to collect the payments and retain any late penalties that could be charged and collected. John J. Truscott, the administrator of the debtor's estate, has determined that the debtor paid

---

1. Paragraph 13, page 5 of the complaint states, [t]he Debtor's estate has an interest in the subject real property as the fee owner due to the invalidity of the conveyance between PERSONAL HOME LOANS, INC. and AMBER HANDELL. The Debtor's estate also has an interest in the subject real property as a beneficiary of the deed of trust executed between AMBER HANDELL and GOLDEN PLAN OF CALIFORNIA, INC.

2. On August 20, 1982, this court found that the debtors engaged in a practice known as advancing. The debtor would make payments to its investors using funds misappropriated from subsequent investors even though the borrower had defaulted on the underlying obligation. The court found that these advances must be repaid to the estate regardless of the investors' secured or unsecured status.

$2,683.64 to the investors. The debtor had, at the least, an equitable lien in the junior deed of trust held by the investors. The court finds that the broad definition of property of the estate under the Code includes the equitable interest of the debtor in the junior deed of trust.

■ The next issue is whether the foreclosure sale violated the automatic stay. The trustee asserts that § 362 applies to protect the estate's equitable interest in the deed of trust. The defendants argue that the court's order of April 26, 1982, which extended the automatic stay to all loans brokered by the debtor, should not be applied retroactively.

11 U.S.C. § 362(a)(4) provides,

[e]xcept as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of ... (4) any act to create, perfect, or enforce any lien against property of the estate.

Section 362(a)(4) stays judicial and private foreclosure sales. 2 *Collier on Bankr.* ¶ 362.04 at 362–33 (15th Ed.1984). *See In re Capital Mortgage & Loan, Inc.*, 35 B.R. 967 (Bkrtcy.E.D.Cal.1983).

The trustee's sale in the present case occurred after the petition was filed and had the effect of eliminating the interests held by the junior deed of trust holders. Additionally, the sale eliminated the equitable interest of the estate in the junior deed of trust. The defendants' actions do fall within the broad scope of the automatic stay. Since the trustee's sale was precluded by § 362 itself, the court need not decide whether the April 26, 1982 court order is applicable to the defendants' actions.

■ The next issue posed is whether the trustee can avoid the transfer.[3]

11 U.S.C. § 549(a) states,

**3.** Transfer is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest." As explained above, the sale here eliminated the interest of the debtor and is a transfer as defined by the Code.

[e]xcept as provided in subsections (b) and (c) of this section, the trustee may avoid a transfer of property of the estate —(1) that occurs after the commencement of the case; and (2)(A) that is authorized under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court.

This transfer was not authorized by either §§ 303(f) or 542(c).[4] And, since the foreclosure sale here was a violation of the automatic stay, the transfer was not authorized by the Code nor was it authorized by court order. Therefore, according to § 549(a), the trustee can avoid the transfer.

■ The defendants insist that the trustee cannot avoid the transfer since it falls within § 549(c) as an exception to the automatic stay.

11 U.S.C. § 549(c) states in part,

[t]he trustee may not avoid under subsection (a) of this section a transfer, to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value or to a purchaser at a judicial sale, of real property located other than in the county in which the case is commenced, unless a copy of the petition was filed in the office where conveyances of real property in such county are recorded before such transfer was so far perfected that a bona fide purchaser of such property against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of such good faith or judicial sale purchaser.

Thus, to fall within this section in the context of a non-judicial trustee's sale, the defendants must be good faith purchasers of real property located outside the county in which the case is commenced and with-

**4.** Section 303(f) permits a debtor in an involuntary case to continue to operate its business until an order for relief is entered. Section 542(c) protects those entities, such as banks who transfer property of the estate or pay a debt of the estate, in good faith after the commencement of the case. 4 *Collier on Bankr.* ¶ 549.03 at 549–8 (15th Ed.1984).

out knowledge of the commencement of the case. They must also pay present fair equivalent value for the property. And, a copy of the petition must not be filed where conveyances of real property are recorded.[5]

It is undisputed that the trustee's sale occurred in Placer County while the petitions were filed with this court located in Sacramento County. It is also true that a copy of the petition was not filed in Placer County at the time of the sale. The court finds, however, that the other elements of § 549(c) are not met.

The Hahns knew about the Golden Plan bankruptcy shortly after the petitions were filed. They also knew that the trustee's sale guarantee of November 9, 1981 showed Golden Plan as the beneficiary of a deed of trust. The Hahns had informed FATICO of their concern shortly after learning about the bankruptcy. Even though FATICO's subsequent search of the records did not show that Golden Plan had a recorded interest, the Hahns, and especially FATICO as a title insurance company, should have suspected that Golden Plan could assert an interest in the property. The trustee's sale guarantee prepared by FATICO should have prompted all the defendants to investigate further.

Although there is a lack of authority defining "present fair equivalent value," this court interprets those words not to include the satisfaction of an antecedent debt. *See In re Shepherd,* 12 B.R. 151, 154 (E.D.Pa.1981). The Hahns' credit bid of the amount owed to them does not satisfy the requirement of a purchaser who gives present value.

## CONCLUSION

The debtor had an equitable interest in the junior deed of trust because of the advances. The post-petition sale violated the automatic stay and the trustee can avoid the transfer under § 549(a). The exception stated in § 549(c) does not apply to protect the defendants.

This memorandum opinion shall constitute findings of fact and conclusions of law. Counsel for the trustee shall prepare and submit an order consistent with this opinion.

---

5. *See* Rochelle & Feder, *Unauthorized Sales of a Debtor's Property: The Rights of a Purchaser* *Under Section 549 of the Bankruptcy Code,* 57 The American Bankr. L.J. 23 (1983).