In re Charles L. HOFFMAN, Jr., Debtor.

In re L. Craig SHACKELFORD, Jr., Debtor.

In re CRAIG SHACKELFORD FARMS, INC., Debtor.

Charles L. HOFFMAN, Jr., Plaintiff,

v.

PORTLAND BANK, Defendant,

National Bank of Commerce of Pine Bluff, Intervenor.

L. Craig SHACKELFORD, Jr., Plaintiff,

v.

PORTLAND BANK, Defendant,

National Bank of Commerce of Pine Bluff, Intervenor.

CRAIG SHACKELFORD FARMS, INC., Plaintiff,

v.

PORTLAND BANK, Defendant,

National Bank of Commerce of Pine Bluff, Intervenor.

Bankruptcy Nos. ED 85–27M, ED 85–29M and ED 85–30M.
Adv. Nos. CMS 85–318M to CMS 85–320M.

United States Bankruptcy Court, W.D. Arkansas, El Dorado Division.

May 30, 1985.

Isaac A. Scott, Jr., Little Rock, Ark., for debtors.

Thomas S. Streetman, Crossett, Ark., for Portland Bank.

Joseph A. Strode, Pine Bluff, Ark., for Nat. Bank of Commerce of Pine Bluff.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On March 26, 1985, Charles L. Hoffman, Jr., filed a voluntary petition for relief under the provisions of Chapter 7, and the Honorable William Randal Wright was appointed trustee. On March 28, 1985, Craig Shackelford Farms, Inc., and L. Craig Shackelford, Jr., filed a voluntary petition for relief under the provisions of Chapter 11. Charles L. Hoffman, Jr., and L. Craig Shackelford, Jr., are the controlling shareholders of Craig Shackelford Farms, Inc. On the day each of the petitions was filed, each of the debtors had demand account balances at the Portland Bank as follows:

| Debtor | Account No. | Balance |
|---|---|---|
| Charles L. Hoffman, Jr. | 201–367–2 | $ 730.40 |
| L. Craig Shackelford, Jr. | 201–065–8 | 3,052.89 |
| | 300–051–6 | 33,222.46 |
| Craig Shackelford Farms, Inc. | 100–281–3 | 50,339.31 |

Also, on the day each petition was filed each debtor was indebted to Portland Bank as follows:

| Debtor | Indebtedness |
|---|---|
| Charles L. Hoffman, Jr. | $3,000 personal note, principal only |
| L. Craig Shackelford, Jr. | $4,800 personal note, Note No. 22191 |
| Craig Shackelford Farms, Inc. | $90,000, Note No. 26353 $10,045, Note No. 25782 |

In addition, the Portland Bank has a contingent claim against Charles L. Hoffman, Jr., and L. Craig Shackelford, Jr., by virtue of their personal guaranties of the $90,000 and the $10,045 installment notes due Portland Bank by Craig Shackelford Farms, Inc. At the time the petitions were filed the installment notes were not in default, and the respective maturities had not been accelerated by Portland Bank. The claim to a right of setoff is now asserted postpetition. Upon receiving knowledge of the filing of each petition, Portland Bank setoff each account in full and returned a substantial number of checks drawn on these accounts unpaid. All of the checks were drawn prepetition, but presented for payment at the bank postpetition. A few days later and, after consulting with the Honorable Thomas Streetman, Portland Bank's counsel, Portland Bank reversed the setoff on its books and restored the funds to each debtors' account and placed "an administrative freeze" on each account. The consequence of the administrative freeze is the same as the setoff concerning checks drawn on the respective accounts.

The debtors filed a motion to cite Portland Bank for contempt for violating the automatic stay imposed under 11 U.S.C. § 362. Portland Bank filed a response to the motion for order to show cause and included in the response motions for relief from the stay which were assigned Nos. CMS 85–318M, 85–319M and 85–320M. The motion asked for relief to exercise the right of setoff or, in the alternative, for adequate protection. The Court held a hearing on April 8, 1985, on the debtors' motion to cite Portland Bank for contempt and found Portland Bank in contempt for setting off the account. The Court, by Order filed April 16, 1985, permitted National Bank of Commerce of Pine Bluff, Arkansas, (NBC) to intervene in these cases and continued Portland Bank's motion for relief from the stay or adequate protection to the present hearing. NBC claims a superior lien in all of the frozen accounts as cash proceeds from the sale of crops and farm equipment in which NBC held a prior perfected security interest. It is uncontested that NBC properly perfected a security interest in all crops and certain farm equipment belonging to the debtors and that its lien does extend to proceeds. Portland Bank argues that their right of setoff is superior to NBC because of the provisions of Ark.Stat.Ann. § 85–9–306(4)(d) (Repl.1961) which govern the priorities of conflicting liens in cash proceeds which are commingled in the debtors' accounts. The debtors argue that Portland Bank's "administrative freeze" is a violation of the stay and that it should not be permitted to exercise any right of setoff.

The facts raise complicated questions of law and involve the interaction of 11 U.S.C. § 362, automatic stay, 11 U.S.C. § 363, use

of cash collateral, 11 U.S.C. § 553, setoffs, 11 U.S.C. § 542, turnover of property to the estate, 11 U.S.C. § 541, property of the estate, and 11 U.S.C. § 549, postpetition transfers.

The filing of a bankruptcy petition creates an estate which is composed of all legal and equitable interest of the debtor in property wherever located as of the date the case is commenced. 4 *Collier on Bankruptcy* ¶ 541.01 (15th Ed.1984); *In re Graham,* 726 F.2d 1268 (8th Cir.1984); *State of Missouri v. U.S. Bankruptcy Court for the E.D. of Arkansas,* 647 F.2d 768 (8th Cir.1981), *cert. denied,* 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982); *In re Engstrom,* 33 B.R. 369 (Bkrtcy.D.S. D.1983). State law determines the nature and extent of a debtor's property. *In re Lambert,* 34 B.R. 41 (Bkrtcy.D.Colo.1983); *In re R & R Contracting, Inc.,* 4 B.R. 626 (Bkrtcy.E.D.Wash.1980); *In re Golden Plan of California, Inc.,* 39 B.R. 551 (Bkrtcy.E.D.Cal.1984). In a Chapter 7 case, title to the estate vests in the trustee. *Lancaster v. Key,* 24 B.R. 897 (Dist.Ct.E.D. Tenn., N.E.D.1982); *In re Shepard,* 29 B.R. 928 (Bkrtcy.M.D.Fla., Jacksonville D.1983). In a Chapter 11 case, title to the estate is vested in the debtor-in-possession, who is a fiduciary for creditors and has all of the rights and duties of a trustee appointed by the court. 11 U.S.C. § 1107; *In re Brent Explorations, Inc.,* 31 B.R. 745 (Bkrtcy.D.Colo.1983); *In re Hardway Restaurant, Inc.,* 31 B.R. 322 (Bkrtcy.S.D.N.Y. 1983).

Upon the filing of the petition, funds on deposit at a bank become property of the estate held by a third party and are subject to the turnover provisions of 11 U.S.C. § 542. *In re Archer,* 34 B.R. 28 (Bkrtcy.N.D.Tex., Lubbock D.1983); 4 *Collier on Bankruptcy* ¶¶ 541.11 and 542.11 (15th Ed.1984). However, this section excludes from a turnover the amount of any setoff.[1]

Upon receiving notification of the filing of a bankruptcy petition, a bank which holds funds on deposit for the debtor and which is also a creditor of the debtor is faced with a dilemma. As of the day the petition is filed the bank has a potential right to setoff the debtor's funds on deposit against any debt owed by the debtor. This right is neither automatic nor self-executing and invokes the power of the court to determine whether there is a proper right of setoff. 11 U.S.C. § 553(a); 5 *Collier on Bankruptcy* ¶ 553.02 (15th Ed. 1983); *In re Edgins,* 36 B.R. 480 (Bkrtcy. App. 9th Cir.1984); *In re Archer,* 34 B.R. 28 (Bkrtcy.N.D.Tex., Lubbock D.1983). The bank is prohibited from exercising its right of setoff by the unambiguous provision of 11 U.S.C. § 362(a)(7) which operates as a stay of "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." Moreover, the existence of the bank's right of setoff makes the funds on deposit cash collateral subject to the restraints of 11 U.S.C. § 363, and the debtor or trustee may not properly use the cash collateral without court permission, after notice and a hearing. 11 U.S.C. § 363; *In re Raanes,* 17 B.R. 164 (Bkrtcy.D.S.D.1982); *In re Edgins,* 36 B.R. 480 (Bkrtcy.App. 9th Cir. 1984); *Kenney's Franchise Corp. v. Central Fidelity Bank,* 22 B.R. 747 (Dist.Ct.W. D.Va., Roanoke D.1982); *Matter of Gazelle, Inc.,* 17 B.R. 617 (Bkrtcy.W.D.Wisc. 1982); 2 *Collier on Bankruptcy* ¶ 363.02 (15th Ed.1985). At 3 *Collier on Bankruptcy* ¶ 506.04 (15th Ed.1985) it is stated:

> The term "lien" as used in Section 506(a) is defined broadly at Section 101(31) to mean "any charge against or interest in property to secure payment of a debt or performance of an obligation." Consequently, an allowed claim may be a secured claim regardless of whether the lien was created by agreement, statute, or judicial process. Additionally, under

---

**1.** 11 U.S.C. § 542(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

**46**

section 506(a) an allowed claim is treated as a secured claim to the extent of the amount of the property in which the estate has an interest subject to setoff under section 553 with respect to such allowed claim, even if the holder of such allowed claim does not have a perfected security interest in property in which the estate has an interest.

■ However, unless the bank takes immediate action, its right of setoff may be dispatched by the debtor in payment of prepetition claims. Additionally, the payment of checks presented postpetition constitutes a "transfer" of property of the estate and if this transfer is not authorized by the Bankruptcy Code it may be set aside pursuant to 11 U.S.C. § 549. *Matter of Isis Foods, Inc.*, 37 B.R. 334 (Dist.Ct.W.D. Mo., W.D.1984). Section 542(c) was written to codify the result of the case of *Bank of Marin v. England*, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed. 197 (1966).[2] 4 *Collier on Bankruptcy* ¶ 542.04 (15th Ed. 1985). Section 542 now protects the bank that transfers property of the estate to third persons where the transfer is made without notice of the bankruptcy filing and made in good faith. By implication, however, if the bank transfers property of the estate after it receives notice of the filing of the petition, it may do so at its own peril. *See In re Smith Corset Shops, Inc.*, 696 F.2d 971 (1st Cir.1982). Section 1108 authorizes a debtor-in-possession to operate in business without further order of the court, but this section does not authorize postpetition payment of prepetition debts. *Matter of Isis Foods, Inc.*, 37 B.R. 334 (Dist.Ct.W.D.Mo., W.D.1984). Therefore, under the facts in this case, if the bank had honored the checks presented, it could have suffered a liability to the estate. This illustrates the extent of the bank's dilemma and the reasonableness of an administrative freeze under such circumstances.

■ In this Court's view, therefore, it was not a violation of the automatic stay for Portland Bank to place an administrative freeze on the demand account upon the receipt of knowledge of the filing of bankruptcy. Other courts support this view. *In re Edgins*, 36 B.R. 480 (Bkrtcy.App. 9th Cir.1984); *Matter of Gazelle, Inc.*, 17 B.R. 617 (Bkrtcy.W.D.Pa.1982); *In re Davis*, 29 B.R. 652 (Bkrtcy.W.D.N.Y.1983); *Kenney's Franchise Corp. v. Central Fid. Bank*, 22 B.R. 747 (Dist.Ct.W.D.Va., Roanoke D.1982). There is authority to the contrary. *In re Cusanno*, 17 B.R. 879 (Bkrtcy.E.D.Pa.1982); *In re Executive Associates, Inc.*, 24 B.R. 171 (Bkrtcy.S.D.Tex., Houston D.1982); *In re Carpenter*, 14 B.R. 405 (Bkrtcy.M.D.Tenn.1981). The substantive effect of an administrative freeze which occurs postpetition is to preserve, not alter, the status quo and, therefore, is neither a direct nor indirect attempt to improve the bank's right to distribution of estate assets which exist at the time the petition is filed.

■ The exact issue before the Court is whether the Court should grant relief from the stay to Portland Bank so that it may exercise its right of setoff. The debtors argue that no right of setoff exists because the bank's claims were evidenced by installment notes which were not in default and, therefore, not mature. They further argue that as to Charles L. Hoffman, Jr., and Craig Shackelford, Jr., Portland Bank's claim is based in part on personal guaranties which render the claim contingent. These arguments are without merit since the filing of a bankruptcy acts to accelerate the maturity of all debts and, therefore, the right of setoff may be asserted postpetition. *Matter of Kennedy Mortgage Co.*, 23 B.R. 466 (Bkrtcy.D.N.J.1982); *Matter of Isis Foods, Inc.*, 24 B.R. 75 (Bkrtcy.W.D. Mo., W.D.1982); 4 *Collier on Bankruptcy* ¶ 553.10 (15th Ed.1984). Under the Code, a contingent claim is an allowable claim. *See* 11 U.S.C. § 502(b)(1). 5 *Collier on Bank-*

**2.** The Supreme Court, on equitable grounds, set aside a judgment against a bank in an action brought by the trustee because the bank honored checks drawn by the debtor prepetition but presented for payment postpetition. Under Bankruptcy Act Section 70d(5) such a transfer was invalid against a trustee.

*ruptcy* ¶ 502.02 (15th Ed.1984); *In re Gladding Corp.*, 20 B.R. 566 (Bkrtcy.D.Mass. 1982).

■ The claim of NBC to a lien in the account balances is rejected because it is junior to the claim of setoff of Portland Bank by the express provisions of Ark. Stat.Ann. § 85–9–306(4)(d) (Repl.1961), since the evidence was undisputed that cash proceeds from sale of NBC's collateral was commingled with other funds in the account. Portland Bank's prior claim exceeds the sums on deposit.

The entire balances in the demand accounts in the case of Craig Shackelford, Jr., and Craig Shackelford Farms, Inc., are subject to the right of setoff and constitute cash collateral. These debtors obviously have a need for the use of their cash. The debtors should be prohibited from using the funds unless Portland Bank is furnished adequate protection. *In re Archer*, 34 B.R. 28 (Bkrtcy.N.D.Tex., Lubbock D.1983); *In re Dixie-Shamrock Oil & Gas, Inc.*, 39 B.R. 115 (Bkrtcy.M.D.Tenn. 1984); *In re Air Vermont, Inc.*, 39 B.R. 684 (Bkrtcy.D.Vt.1984); *In re Belco, Inc.*, 38 B.R. 525 (Bkrtcy.W.D.Okla.1984); *In re Aerosmith Denton Corp.*, 36 B.R. 116 (Bkrtcy.N.D.Tex., Dallas D.1983); *In re Philadelphia Consumer Discount Co.*, 32 B.R. 322 (Bkrtcy.E.D.Pa.1983); *In re George Ruggiere Chrysler-Plymouth*, 727 F.2d 1017 (11th Cir.1984).

■ The bankruptcy court, where possible, should resolve issues in favor of reorganization. *In re Lahman Mfg. Co., Inc.*, 33 B.R. 681 (Bkrtcy.D.S.D.1983); *In re Heatron, Inc.*, 6 B.R. 493 (Bkrtcy.W.D. Mo.1980). Therefore, Portland Bank will not be granted relief from the stay to exercise its right of setoff in the case of L. Craig Shackelford, Jr., and Craig Shackelford Farms, Inc., if within 30 days from entry of this Memorandum Opinion and the Order of the same date, adequate protection for the use of the cash collateral is offered by the debtors. If the parties cannot agree on what is adequate protection, the Court will make such determination after notice and a hearing upon motion filed within 30 days of the entry of this Memorandum Opinion and the Order of the same date. If adequate protection is not offered within 30 days, then the stay will be relaxed, and Portland Bank will be permitted to exercise its right of setoff as to the account of L. Craig Shackelford, Jr., and Craig Shackelford Farms, Inc.

■ The motion for relief of stay as to the Charles L. Hoffman, Jr., account is denied. Title to the fund in question is vested in the trustee, and he is the real party in interest. *Matter of Lee*, 40 B.R. 123, 126 (Bkrtcy.E.D.Mich., S.D.1984). However, no reason exists for denying relief from the stay in a Chapter 7 proceeding when the right of setoff does exist, once the trustee is made a party.

IT IS SO ORDERED.