**CITIZENS BANK OF MARYLAND,**
Appellant,

v.

**David STRUMPF, Appellee.**

Civ. No. HAR–91–3692.

United States District Court,
D. Maryland.

March 30, 1992.

---

C. Edward Hartman, III, Annapolis, Md., for appellant.

John R. Owen, Jr., Hyattsville, Md., for appellee.

## MEMORANDUM OPINION

HARGROVE, District Judge.

Currently before this Court is Citizens Bank of Maryland's ("Citizen's Bank") appeal from the United States Bankruptcy Court for the District of Maryland. The issues have been fully briefed, and no hearing is deemed necessary.

The first issue presented to this Court is whether the Bankruptcy Court erred as a matter of law in holding that the Appellant violated the automatic stay of 11 U.S.C. § 362(a) when it placed an administrative hold on the Appellee's checking account pending the Bankruptcy Court's disposition of the Appellant's Motion for Relief from Automatic Stay and for Setoff. The second issue before this Court is whether the Bankruptcy Court erred in finding the Appellant in contempt and assessing attorney's fees, punitive damages, and nominal damages under 11 U.S.C. § 362(h).

### FACTS

Citizens Bank loaned Strumpf $5,068.75 pursuant to an unsecured consumer loan note ("Note") on November 28, 1989. Strumpf agreed to pay off the loan (including interest) in twenty-four monthly installments. The Note provided for the immediate acceleration of the amount due upon default, and for the payment of attorney's fees upon referral of the matter to an attorney for collection. The note further provided for the right of setoff.

On January 25, 1991, Strumpf filed a Petition for Relief under Chapter 13 of Title 11, U.S.C., in the Bankruptcy Court. (Case No. 91–40389PM). At the time of the filing of the Petition, Strumpf had a checking account with Citizens Bank, containing $11,279.86. Because Strumpf had failed to make scheduled payments, Citizens Bank declared the Note in default.

On October 7, 1991, Citizens Bank filed a Motion for Relief from Automatic Stay and for Setoff against Strumpf. In the Motion, Citizens Bank sought permission to setoff the amounts owed on the Note against the amounts then in Strumpf's checking account. Simultaneous with filing the Motion

for Relief from Automatic Stay and for Setoff, Citizens Bank placed an administrative hold on $3,500 in Strumpf's checking account,[1] pending a ruling by the Bankruptcy Court on the Motion. Citizens Bank took this action to prevent Strumpf from removing funds to which Citizens Bank claimed a setoff right.

On October 9, 1991, Strumpf filed a Motion to hold Citizens Bank in contempt for violation of the automatic stay of 11 U.S.C. § 362(a), when it placed the administrative hold on the checking account. On November 4, 1991, the Bankruptcy Court, Judge Paul Mannes presiding, held a hearing on Citizens Bank's Motion for Relief from Automatic Stay and for Setoff, and reserved ruling on the Motion. On November 13, 1991, Judge Mannes held a hearing on Strumpf's Contempt Motion, granted the Motion, and ordered Citizens Bank to pay counsel fees of $500.00, punitive damages of $375.00, and nominal damages of $25.00. This ruling was set forth in a written Order on November 21, 1991.

Later, in a written Order entered December 2, 1991, Judge Mannes granted Citizens Bank's Motion for Relief from Automatic Stay and Setoff. Citizens Bank, in compliance with Judge Mannes contempt ruling, had lifted the administrative hold on the checking account. Before the granting of Citizens Bank's Motion for Relief from Automatic Stay and Setoff, Strumpf had removed all funds from the checking account.

## I.

Citizens Bank cites a substantial body of persuasive caselaw for the proposition that a bank's placing of an administrative hold on a debtor's account pending the disposition of a motion asserting the bank's right of setoff is not a violation of the automatic stay. *See e.g., Bank of America Nat'l Trust & Sav. Ass'n v. Edgins*, 36 B.R. 480 (9th Cir.Bankr.App.1984); *Rio v. Army Aviation Center Fed. Credit Union*, 82 B.R. 138 (M.D.Ala.1986); *Stann v. Mid. Am. Credit Union*, 39 B.R. 246 (D.Kan. 1984); *In re Archer*, 34 B.R. 28 (B.C.N.D.Tex.1983); *In re Bass Mechani-*

*cal Contractors, Inc.*, 84 B.R. 1009 (Bankr. W.D.Ark.1988); *Kenney's Franchise Corp. v. Cent. Fidelity Bank, NA*, 22 B.R. 747 (W.D.Va.1982); *In re Williams*, 61 B.R. 567 (Bankr.N.D.Tex.1986); *In re Hoffman*, 51 B.R. 42 (Bankr.W.D.Ark.1985); *In re Gazelle, Inc.*, 17 B.R. 617 (Bankr.W.D.Wis. 1982); and *In re Carpenter*, 14 B.R. 405 (Bankr.M.D.Tenn.1981).

The notion of the "banker's dilemma" supports the argument that banks have a right to place an administrative hold on a debtor's account pending further disposition of the funds:

> [W]hen a bankruptcy is filed, a bank claiming a right of set-off in a debtor's account may be faced with a dilemma— whether it should turn over proceeds of [the] debtor's account or whether it should exercise its set-off rights in violation of the automatic stay. To avoid this dilemma, many courts have allowed banks to place an "administrative freeze" on a debtor's account pending further disposition of the funds without violating the automatic stay. The placing of an administrative freeze on a debtor's account offers a way to preserve the debtor's account and is not a direct or indirect attempt to improve the bank's right to a distribution of assets.

Citizens Bank found itself in precisely this banker's dilemma until it placed an administrative hold on the debtor's account. Citizens Bank was not exercising its right of setoff without obtaining prior relief from the automatic stay—rather, it was acting to preserve the debtor's account until the Bankruptcy Court ruled on the Motion for Relief from Automatic Stay.

The Bankruptcy Court relied on the cases of *United States v. Reynolds*, 764 F.2d 1004 (4th Cir.1985), and *United States v. Norton*, 717 F.2d 767 (3rd Cir.1983), in holding that Citizens Bank's placing of an administrative hold on Strumpf's checking account was a violation of the automatic stay. Citizens Bank argues, however, that both *Reynolds* and *Norton*, are distinguishable from the case at bar. First, in

---

**1.** The amount due on the Note as of that date, including attorney's fees, was $3,250.48.

those cases the Courts held that the United States, as a creditor, was not entitled to setoff income tax deficiencies which were scheduled to be paid in the debtors' confirmed Chapter 13 reorganization plans. In the case at bar, no provision was made in Strumpf's Chapter 13 plan to pay Citizens Bank's claim as a secured creditor. As such, the reorganization plan did not provide "adequate protection" for the Bank's security interest.

More importantly, in both *Reynolds* and *Norton*, the United States intended to hold the frozen funds until the Chapter 13 cases were closed. As such, the Courts viewed the retention of funds by the IRS as the equivalent of a setoff. In the case at bar, by contrast, the administrative hold was merely designed to hold the funds until the Bankruptcy Court ruled on the disposition of the funds. Had Citizens Bank sought to retain the funds without court approval until the entire Bankruptcy proceeding was closed, it would appear that the Bank was using the funds as a setoff, in violation of the automatic stay. However, Citizens Bank, upon finding itself in the banker's dilemma, acted reasonably by simply freezing the checking account funds only until the Bankruptcy Court ruled on its Motion for Relief from Automatic Stay and for Setoff.[2]

Further, it is noteworthy that in the case of *Craddock–Terry Shoe Corp. v. Crestar Bank*, 91 B.R. 392 (Bankr.W.D.Va.1988), a case from the same district as *Reynolds*, the Court held, relying on *Kenney's Franchise Corp. v. Cent. Fidelity Bank*, 22 B.R. 747 (W.D.Va.1982), that a bank's action in placing an administrative freeze on a debtor's account pending the resolution of its right of setoff was not a violation of the automatic stay.

Citizens Bank argues that it was relying on the substantial body of caselaw supporting its right to place an administrative hold on Strumpf's checking account pending the Bankruptcy Court's resolution of the Motion for Relief from Automatic Stay and for Setoff. In ruling that the administrative hold violated the automatic stay, the Bankruptcy Court effectively extinguished the Bank's right to setoff because, by the time the Motion for Relief from Automatic Stay and for Setoff was ruled upon, the Bank no longer possessed any of Strumpf's money. Citizens Bank asserts that the Bankruptcy Court's ruling effectively rendered the common law right of setoff unenforceable.

The Bankruptcy Court ruled on the Contempt Motion prior to ruling on the Motion for Relief from Automatic Stay and for Setoff. The ironic result for Citizens Bank was that it was held in Contempt, was later granted its Motion for Relief from Automatic Stay and for Setoff, but could not exercise its right to setoff because (as predicted by Citizens Bank) Strumpf had removed the money from the checking account. This series of events rendered the Bankruptcy Court's ultimate granting of Citizens Bank's Motion meaningless.

The Court finds that the placing of an administrative hold on an account pending the Bankruptcy Court's ruling on the Bank's Motion for Relief from Automatic Stay and for Setoff does not equate to a setoff as a matter of law. In fact, permitting the Bank to freeze the funds until such time as the Court rules on the Bank's Motion for Relief from Automatic Stay and for Setoff is the only sensible procedural approach under these circumstances.

## II.

Given the existing law supporting the Bank's right to freeze the account, and

---

2. The Court in *Reynolds* addresses the concern that by unilaterally freezing funds, "the funds would become unavailable for distribution to other creditors or for use by the debtor in a Chapter 13 plan, thus making it much less likely that the debtor could be rehabilitated." *Id.* at 1007. The Court notes that this problem would occur if the bank were using the money in the account for setoff without the authority of the Bankruptcy Court. In the case at bar, however, the Bank was merely awaiting instructions from the Bankrutpcy Court, and obviously needed to freeze the funds such that the ultimate ruling of the Bankruptcy Court on the Bank's Motion could be carried out. As soon as the Bankruptcy Court ruled on the Bank's Motion, the Bank could have either lifted the freeze or exercised its setoff rights, as directed by the Bankruptcy Court.

given the "catch–22" nature of the circumstances for the Bank in this case, it would be patently unfair to uphold the Bankruptcy Court's finding of contempt. Citizens Bank has noted that the issue of whether a bank may impose an administrative hold on a debtor's checking account has not been addressed by this Court in a published decision, and that any ambiguity in the law should be resolved in favor of the party charged with contempt. *Int'l Brotherhood of Teamsters, etc. v. W. Pa. Motor Carriers Ass'n,* 660 F.2d 76, 82 (3rd Cir.1981). In any event, the Court agrees with Citizens Bank's interpretation of the applicable law, and as such, the Bankruptcy Court's finding of contempt cannot be upheld. Accordingly, the Bankruptcy Court's finding of contempt and assessment of attorney's fees, punitive damages, and nominal damages against Citizens Bank under 11 U.S.C. § 362(h) must be reversed. It will be so ordered.