[Not for Publication]

 For the First Circuit
 

Nos. 96-2114, 96-2115

 HOBBY HORIZONS, INC.,

 Appellees,

 v.

 JORGE O. AND JUDITH SAPERE,

 Appellants.

 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Douglas P. Woodlock, U.S. District Judge]

 

 Before

 Torruella, Chief Judge,
 Bownes, Senior Circuit Judge,
 and Stahl, Circuit Judge.

 

Albert Auburn for appellant.
John Yannis for appellees.

 

 AUGUST 6, 1997
 
 Per Curiam. Upon Appellees' Jorge O. and Judith

Sapere ("Saperes") motion, the bankruptcy court held Appellant

Hobby Horizons, Inc. ("Hobby") in contempt for willfully

violating the automatic stay, see 11 U.S.C. S 362(a), and

awarded compensatory damages to the Saperes, but declined to

award punitive damages. The district court affirmed the

bankruptcy court. Hobby now appeals the finding of contempt

and the grant of a bankruptcy discharge to the Saperes. The

Saperes appeal the denial of punitive damages. We affirm for

substantially the same reasons as the district court and add

only a few additional comments. 

 We exercise independent review of the bankruptcy

court's decision in an appeal from a district court's review,

granting "no special deference to the district court's

determinations." Grella v. Salem  Five  Cent  Savings  Bank, 42

F.3d 26, 30 (1st Cir. 1994). Typically we review the

bankruptcy court's findings of fact for clear error, but

subject its conclusions of law to  de  novo review. See  id. In

this case the bankruptcy court made no findings of fact,

forcing the district court to make its own findings from the

record. Accordingly, we independently reviewed the record in

analyzing this appeal. 

 We are satisfied that the record amply supported the

district court's findings of fact that Hobby willfully violated

the stay. Hobby continued pursuing the Saperes despite notice

of the bankruptcy filing. On that basis, neither the

 -2-

bankruptcy court nor district court erred in holding Hobby in

contempt. See  Vahlsing v.  Commercial Union Ins. Co. , 928 F.2d

486, 490 (1st Cir. 1991) (indicating that violation of stay

requires either willfulness under 11 U.S.C. S 362(h) or other

common law or statutory basis for liability). 

 We also find that both courts correctly determined

that the Saperes' debt to Hobby was discharged, despite the

fact that the Saperes did not list Hobby as a creditor, because

Hobby had notice of the filing. See 11 U.S.C. S 523(a)(3)

(indicating that discharge is effective with respect to

unlisted creditor who had notice or actual notice of the case

in time to submit a timely proof of claim). Should Hobby

continue to insist that this is not a no asset case, it may

proceed in accordance with the bankruptcy rules and procedures

in its efforts to establish that fact. 

 Finally, we affirm both courts' decisions not to

award punitive damages to the Saperes. The bankruptcy court

declined to impose punitive damages because it found that Hobby

acted out of ignorance rather than malice. While we do not

condone Hobby's actions, we note that Hobby has been required

to compensate the Saperes for its conduct. We find no abuse of

discretion in the denial of punitive damages. See In  re

Strumpf, 37 F.3d 155, 159 (4th Cir. 1994), rev'd  on  other

grounds, Citizens Bank of Maryland v. Strumpf, 116 S. Ct. 286

(1995).

 -3- 3

 For the reasons exhaustively explained in the

district court's opinion, we affirm.

 Affirmed. Costs to Appellant. 

 -4- 4