USCA1 Opinion

 

 [Not for Publication] For the First Circuit ____________________ Nos. 96-2114, 96-2115 HOBBY HORIZONS, INC., Appellees, v. JORGE O. AND JUDITH SAPERE, Appellants. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] ____________________ Before Torruella, Chief Judge, Bownes, Senior Circuit Judge, and Stahl, Circuit Judge. ____________________ Albert Auburn for appellant. John Yannis for appellees. ____________________ AUGUST 6, 1997 ____________________ Per Curiam. Upon Appellees' Jorge O. and Judith Sapere ("Saperes") motion, the bankruptcy court held Appellant Hobby Horizons, Inc. ("Hobby") in contempt for willfully violating the automatic stay, see 11 U.S.C. S 362(a), and awarded compensatory damages to the Saperes, but declined to award punitive damages. The district court affirmed the bankruptcy court. Hobby now appeals the finding of contempt and the grant of a bankruptcy discharge to the Saperes. The Saperes appeal the denial of punitive damages. We affirm for substantially the same reasons as the district court and add only a few additional comments.  We exercise independent review of the bankruptcy court's decision in an appeal from a district court's review, granting "no special deference to the district court's determinations." Grella v. Salem  Five  Cent  Savings  Bank, 42 F.3d 26, 30 (1st Cir. 1994). Typically we review the bankruptcy court's findings of fact for clear error, but subject its conclusions of law to  de  novo review. See  id. In this case the bankruptcy court made no findings of fact, forcing the district court to make its own findings from the record. Accordingly, we independently reviewed the record in analyzing this appeal.  We are satisfied that the record amply supported the district court's findings of fact that Hobby willfully violated the stay. Hobby continued pursuing the Saperes despite notice of the bankruptcy filing. On that basis, neither the -2- bankruptcy court nor district court erred in holding Hobby in contempt. See  Vahlsing v.  Commercial Union Ins. Co. , 928 F.2d 486, 490 (1st Cir. 1991) (indicating that violation of stay requires either willfulness under 11 U.S.C. S 362(h) or other common law or statutory basis for liability).  We also find that both courts correctly determined that the Saperes' debt to Hobby was discharged, despite the fact that the Saperes did not list Hobby as a creditor, because Hobby had notice of the filing. See 11 U.S.C. S 523(a)(3) (indicating that discharge is effective with respect to unlisted creditor who had notice or actual notice of the case in time to submit a timely proof of claim). Should Hobby continue to insist that this is not a no asset case, it may proceed in accordance with the bankruptcy rules and procedures in its efforts to establish that fact.  Finally, we affirm both courts' decisions not to award punitive damages to the Saperes. The bankruptcy court declined to impose punitive damages because it found that Hobby acted out of ignorance rather than malice. While we do not condone Hobby's actions, we note that Hobby has been required to compensate the Saperes for its conduct. We find no abuse of discretion in the denial of punitive damages. See In  re Strumpf, 37 F.3d 155, 159 (4th Cir. 1994), rev'd  on  other grounds, Citizens Bank of Maryland v. Strumpf, 116 S. Ct. 286 (1995). -3- 3 For the reasons exhaustively explained in the district court's opinion, we affirm. Affirmed. Costs to Appellant.  -4- 4